JUAN M. RIVERA GONZÁLEZ, ETC., querellante y peticionario, *v.* DANNY'S BAKERY, INC., querellado y recurrido.

*Número:* CE-86-695      *Resuelto:* 12 de mayo de 1988

*Carmen M. Merced Torres,* abogada del peticionario; *José M. Aponte Jiménez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

El Secretario del Trabajo y Recursos Humanos recurre ante nos para cuestionar una determinación del Tribunal Superior mediante la cual se le ordenó contestar un interrogatorio en una reclamación de salarios instada contra Danny's

Bakery. En su recurso expone que no puede exigírsele que divulgue información de carácter privilegiado y confidencial obtenida al amparo de los poderes de investigación otorgados por la Ley de Salario Mínimo, Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3120). Procede la modificación de este dictamen.

I

En representación del obrero, Sr. Ramón Rullán, el Secretario del Departamento del Trabajo y Recursos Humanos (en adelante Secretario) incoó una reclamación contra Danny's Bakery por alegadamente incumplir con la Ley de Salario Mínimo al no compensar adecuadamente al representado durante el período destinado para tomar alimentos. 29 L.P.R.A. sec. 283.

Danny's Bakery contestó oportunamente y sometió un interrogatorio al querellante peticionario en el que, entre otras cosas, solicitó lo siguiente:

> Acompañe con la contestación a este interrogatorio copia de cualquier declaración, jurada o no, tomada a la parte querellada o su representante, antes, durante o después de la investigación efectuada por cualquier funcionario del Departamento del Trabajo en relación con la querella presentada. *Exhibit* III, pág. 15.

El Secretario objetó este requerimiento. Alegó que la declaración del querellado era producto de una investigación efectuada al amparo de la Ley de Salario Mínimo y expresamente clasificada en forma confidencial por el Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3120.

El Tribunal de Distrito rechazó la objeción formulada por el Departamento del Trabajo y Recursos Humanos y estimó que la agencia estaba dilatando los procedimientos al negarse a contestar la pregunta. Al amparo de la Regla 34.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, el Tribunal de Distrito ordenó a dicho departamento a contestar la pre-

gunta impugnada por estimar que la sección invocada no era aplicable.

El querellante peticionario acudió al Tribunal Superior cuestionando esta decisión, pero fue confirmada. Dicho foro concluyó que el Departamento del Trabajo y Recursos Humanos renunció al privilegio de confidencialidad al iniciar la reclamación por la vía judicial porque la información requerida era pertinente y vital al caso. Finalmente determinó que al contestar el resto del interrogatorio "renunció a información de carácter más confidencial". *Exhibit* I, pág. 6.

En su petición de *certiorari* ante nos el Secretario plantea que la Ley Núm. 2 de 17 de octubre de 1961, *supra*, es aplicable a la situación de autos y que no renunció al privilegio que cubre su expediente investigativo al instar el pleito que origina la controversia. También negó que lo renunciara al contestar el resto del interrogatorio. Por su importancia normativa expedimos el auto.

## II

Ante nos el Secretario invoca nuevamente el privilegio de confidencialidad de la información obtenida en el curso de una investigación de una querella instada por un obrero contra su patrono. Fundamenta su petición en la última parte de la Sec. 3 de la Ley Núm. 2 de 17 de octubre de 1961 que dispone lo siguiente:

> La información obtenida por el Secretario del Trabajo y Recursos Humanos o por sus agentes debidamente autorizados en el curso de las investigaciones practicadas en el ejercicio de las facultades concedidas en la Ley de Salario Mínimo, secs. 245 *et seq.* del Título 29, y en la Ley Orgánica del Departamento del Trabajo y Recursos Humanos, secs. 304 *et seq.* del Título 3, será de carácter privilegiado y confidencial y sólo podrá ser divulgada mediante la autorización del Secretario del Trabajo y Recursos Humanos. 32 L.P.R.A. sec. 3120.

■ Aunque de ordinario el Estado no puede negar caprichosamente el acceso a información recopilada en su ges-

tión pública, *Soto v. Srio. de Justicia*, 112 D.P.R. 477, 489 (1982), hoy nos enfrentamos a un reclamo de confidencialidad fundado en una disposición expresa del Código de Enjuiciamiento Civil en el procedimiento sumario de reclamación de salarios. *Santiago v. Bobb y El Mundo*, 117 D.P.R. 153 (1986); *López Vives v. Policía* de P.R., 118 D.P.R. 219 (1987). Al interpretarla, no debemos examinar su validez constitucional prematuramente ni abordar esa vía si podemos disponer del planteamiento en armonía con la presunción de constitucionalidad de que goza la disposición. *E.L.A. v. Aguayo*, 80 D.P.R. 552 (1958); *Molina v. C.R.U.V.*, 114 D.P.R. 295 (1983).

■   Del historial legislativo de este estatuto surge que la confidencialidad invocada al amparo del Código de Enjuiciamiento Civil responde a tres (3) objetivos fundamentales: (1) estimular la participación y colaboración obrera y ciudadana en la investigación y trámite de acciones legales fundadas en infracciones a la legislación protectora del trabajo; (2) evitar que los obreros que cooperen en dichas investigaciones sean objeto de discrimen en el empleo o cualquier tipo de represalias, y (3) proteger tanto al obrero como al patrono de la innecesaria intervención e inspección por parte de terceros en determinada investigación o querella, si éstos nada tienen que ver ni aportar al adecuado trámite de la misma. En su informe al Senado, la Comisión del Trabajo analizó el propósito de esta disposición y recomendó su aprobación por las razones expuestas.

El proyecto le dá carácter de privilegiada a la información que obtenga el Secretario en las investigaciones que realice en virtud de la Ley de Salario Mínimo o de la Carta Orgánica del Departamento del Trabajo y no permite su divulgación sin la autorización del Secretario del Trabajo con el fin primordial de auxiliar a éste en el desempeño de sus funciones investigativas, ya que si los obreros y otros testigos saben que la información que suministren podría ser examinada por el patrono se abstendrían de cooperar en la investigación por temor a

represalias y otros inconvenientes. Sin embargo, la protección es también, a veces, para los propios patronos, ya que terceras personas no tendrían acceso a la información suministrada por éste, a menos que el Secretario del Trabajo lo autorice. 14 Diario de Sesiones de la Asamblea Legislativa (Extraordinaria) 49 (1961).

Por su parte, el distinguido líder obrero y ex representante a la Cámara de Representantes, el Sr. Armando Sánchez Martínez, defendió esta disposición contra enmiendas sugeridas y sostuvo que el estatuto "más bien va en protección de la seguridad del propio trabajador— que es posible en muchas ocasiones puede tener temor de revelar ... que no se está cumpliendo adecuadamente aquella legislación que a él le protege . . .". 14 Diario de Sesiones, *supra*, pág. 180.

■ Claramente, el propósito primordial del privilegio es dotar al Secretario con un instrumento de investigación y fomentar la cooperación con su labor. Este género de legislación es común en otras jurisdicciones. Véase M.S. Wallace, *Discovery of Government Documents and the Official Information Privilege*, 76 Colum. L. Rev. 142 (1976). No obstante, el reconocimiento de dicho privilegio no implica que una vez se presenta la reclamación en el foro judicial el patrono no pueda descubrir prueba mediante interrogatorio o deposición conforme a las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. La propia ley en su texto le reconoce la facultad de someter un interrogatorio. 32 L.P.R.A. sec. 3120. Siempre que no se menoscabe el propósito del privilegio, el querellado tiene el derecho a obtener aquella información indispensable para la preparación de su defensa en el proceso judicial.

Conscientes de este historial, en el pasado hemos permitido un interrogatorio sobre información en poder del Secretario. En *Dorado Beach Corp. v. Tribunal Superior*, 92 D.P.R. 610 (1965), favorecimos bajo ciertas circunstancias

particulares el uso de interrogatorios en reclamaciones de salarios para obtener información que debía estar incluida en los expedientes del patrono. En esa ocasión indicamos que no podíamos aplicar la ley "desvinculada por completo de las alegaciones" y que procedía solicitar ese tipo de información cuando existía una controversia *bona fide* sobre si los querellantes habían sido empleados por el patrono.

También hemos reafirmado la facultad de los tribunales para que, una vez determinen su necesidad, autoricen la deposición del investigador de normas del Departamento del Trabajo y Recursos Humanos, 32 L.P.R.A. sec. 3120, si dicho departamento anuncia que lo utilizará como testigo ante los tribunales. *Srio. del Trabajo v. J.C. Penney Co., Inc.*, 119 D.P.R. 660 (1987).

Examinado el trasfondo doctrinal de esta controversia, resolvemos.

### III

Al estudiar la totalidad de las circunstancias que rodean la información requerida en el caso de autos, debemos favorecer su divulgación.

■ La información que el querellado recurrido ha solicitado en la pregunta objetada no desvirtúa la política pública protegida por la ley. No se trata, como sostiene el querellante peticionario, de copia de las declaraciones tomadas al querellante y/o los testigos examinados y los memorandos internos que recogen el resultado de la investigación practicada en el caso. Tampoco consiste de información que debe constar en los récord del patrono por disposición de la Ley de Salario Mínimo, 29 L.P.R.A. sec. 245.

Todo lo contrario, el Secretario reclama el privilegio únicamente para mantener en confidencialidad las declaraciones ofrecidas por el propio patrono querellado como parte

de la investigación.(¹) Su petición no incluye las declaraciones de los obreros que colaboraron en la investigación ni los documentos internos del Departamento del Trabajo y Recursos Humanos que revelan el proceso decisional de los funcionarios de la agencia. Tampoco consiste de una petición formulada por una persona que no es parte en el pleito.

De su faz, la divulgación al querellado recurrido de esta información no perjudicará la investigación concluida ni afectará adversamente la colaboración de los obreros en el trámite administrativo o la política pública que el Estado busca proteger. Estas declaraciones no sólo son pertinentes, sino que son necesarias para la preparación de una defensa adecuada. Los principios de justicia, rapidez y búsqueda de la verdad que persigue nuestro ordenamiento procesal no deben ceder en este caso. El debido proceso de ley exige que se le permita al querellado una oportunidad razonable de adquirir esta información que, como vimos, no compromete la integridad del estatuto.

■ Sin embargo, por la naturaleza del interés público involucrado, el acceso a esta información debe ser controlado por el tribunal a quien corresponde determinar, en última instancia, si procede el descubrimiento solicitado y si su divulgación compromete información confidencial adicional que amerite ser preservada por el Estado. También determinará si el acceso a las declaraciones solicitadas deberá ser en cámara y tomará cualquier otra medida cautelar que estime necesaria.

Por los fundamentos expuestos, *se modifica la determinación del tribunal de instancia y se devuelve el caso para la continuación de los procedimientos.*

(¹) De los autos surge que el obrero querellante y el Secretario del Departamento del Trabajo y Recursos Humanos contestaron el resto del interrogatorio y que se negaron a contestar la pregunta que origina este recurso.

El Juez Asociado Señor Rebollo López concurre con el resultado sin opinión escrita.