# 95 DTA 132

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II, BAYAMON
## PANEL I SAN JUAN

DARISABEL RODRIGUEZ
Querellante-Peticionaria

v.

MARSHALLS Y/O MARSHALLS INC.,
Y/O MARSHALLS CORP.
Querellado-Recurrido

Núm. KLCE-95-00100

San Juan, Puerto Rico, a 28 de junio de 1995

Panel integrado por su presidente, Juez Ortiz Carrión
y los Jueces Cordero y Negrón Soto

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En este caso la Sra. Darisabel Rodríguez alega que el Tribunal de Primera Instancia, Sala Superior de Bayamón, erró al no dictar una sentencia en rebeldía, y al no señalar con premura una vista para argumentar la moción donde solicita que se dicte sentencia en rebeldía.

La Sra. Rodríguez plantea que por tratarse de una querella bajo la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.* el tribunal *a quo* tenía que atender con premura la moción en la cual se solicita se dicte sentencia en rebeldía y no tenía discreción para denegarla.

Para dilucidar esta cuestión es necesario determinar el contexto procesal en el cual se plantea.

### I

El 19 de enero de 1995, la peticionaria Darisabel Rodríguez presentó una querella en la cual se alega lo siguiente:

*"(3) La querellante ... prestó servicios para la parte querellada desde el 6 de enero de 1967, mediante contrato sin tiempo determinado y devengando un salario ascendente a la cantidad de 478.32 semanales y fue despedida el 19 de agosto de 1988.*

*(4) El despido de la querellante se debió a que el patrono discriminó y/o violó y/o amenazó contra la querellante con relación a los términos y condiciones, compensación, ubicación y beneficio o privilegio del empleo cuando la querellante ofreció o intentó ofrecer testimonio ante un Foro Administrativo y/o discrimen por edad.*

*(7) La acción de la parte querellada al despedir a la querellante por la razón expuesta, le ha causado daños consistentes en salarios dejados de percibir desde el momento de su despido y dicha cantidad continuará aumentando hasta tanto la querellante sea reinstalada en su empleo.*

*(8) Además de los salarios dejados de percibir, la querellante ha sufrido daños y perjuicios y angustias mentales como consecuencia del discrimen sufrido; ha desarrollado ansiedad, insomnio y profundos dolores y angustias cuyos daños se estiman en una suma no menor de $75,000.00 excluyendo el lucro cesante.*

*(9) Conforme lo dispuesto en las leyes del trabajo la parte querellante tiene derecho y reclama el doble del importe de daños sufridos a consecuencia de la acción ilegal del querellado.*

*(10) Que la querellante trabajaba por lo menos seis horas extras semanales durante el período de tiempo que estuvo empleada la querellada, luego de las cuarenta horas laborables, sin recibir paga por ello.*

*En mérito de lo antes expuesto, la parte querellante, muy respetuosamente solicita de este Honorable Tribunal, que previo los trámite legales correspondientes declare con lugar la presente querella condenando a la parte querellada a satisfacer a la querellante el doble de las sumas reclamadas y ordene la reinstalación de la querellante a su trabajo y cese y desista*

*del discrimen contra la querellante y además ordene el pago de una suma razonable por concepto de honorarios de abogado, y la imposición del interés legal correspondiente."*

El 31 de enero de 1995, la Sra. Rodríguez presentó dos mociones. En la primera, solicitó que se anote la rebeldía y se proceda a dictar sentencia. En la segunda, que tituló *"Moción Suplementando Otra Solicitando Se Dicte Sentencia"*, solicitó lo que, para todos los fines prácticos, constituye una enmienda y suplementación a las alegaciones de su querella original. En ella, se incluye la reclamación específica de sumas en concepto de compensación, penalidad y honorarios, que no se incluyeron, ni calcularon en la querella original. ■ Ninguna de estas dos mociones se le notificó al patrono querellado.

Luego, el 2 de febrero de 1995, la Sra. Rodríguez presentó una tercera moción, que tampoco se le notificó al patrono querellado, la cual se tituló *"Moción Suplementando Otra Solicitando Se Dicte Sentencia Enmendada"*. En esa tercera moción, se reiteran las enmiendas y suplementos a las alegaciones de la querella original.

Ese mismo día, 2 de febrero de 1995, el patrono querellado presentó su contestación a la querella original, en la cual presenta varias defensas afirmativas, entre ellas la de prescripción. Poco después, la Sra. Rodríguez presentó una tercera moción donde se opuso a que se autorice la contestación a su querella, por falta de jurisdicción a la luz de lo dispuesto por la **Ley Núm. 2.**

Posteriormente, el patrono querellado presentó una moción, a la que luego acompañó una declaración jurada, donde alega que nunca se le notificó el término de 10 días para contestar la querella. Además, solicitó que el caso se tramite mediante el procedimiento ordinario dispuesto por las Reglas de Procedimiento Civil.

Ante esta serie de mociones, el 27 de febrero de 1995 el tribunal de instancia dictó la resolución cuya revisión se solicita, en la cual dispone lo siguiente:

1. moción suplementando otra solicitando se dicte sentencia: **señalada para 3/7/96.*** ■

2. moción suplementando otra solicitando se dicte Sentencia enmendada: **véase orden anterior. ***

3. moción en oposición a que se permita la contestación a la querella por falta de jurisdicción: **anotada la rebeldía. ***

4. moción informativa y suplementando otra: **se considerará en vista. ***

5. moción indicando que esta acción no cumple con el procedimiento sumario especial de reclamaciones laborales por lo que es una acción ordinaria y para que se acepte contestación a querella por ello y otras razones: **No Ha Lugar. ***

Por los motivos que se exponen más adelante consideramos que la querellante peticionaria no tiene razón en sus planteamientos. El tribunal *a quo* tiene discreción para no dictar sentencia en rebeldía en los términos solicitados. Sin embargo, la peticionaria tiene razón al plantear que el tribunal *a quo* debe atender sus mociones con rapidez y premura.

## II
### -A-

El propósito de la Asamblea Legislativa al aprobar la **Ley Núm. 2** fue crear un procedimiento sumario para impartirle rapidez y eficacia a la tramitación de la reclamación

de una suma en concepto de compensación por trabajo o por despido sin causa justificada incoadas por los empleados contra sus patronos■

Con ese fin, la Sección 3 de la **Ley Núm. 2**, 32 L.P.R.A. sec. 3120, establece, entre otras cosas, lo siguiente:

*"El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además que si así no lo hiciere, se dictará sentencia en su contra concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga."*

A su vez, la Sección 4 de la **Ley Núm. 2,** 32 L.P.R.A. sec. 3121, establece que cuando el patrono querellado no presenta su contestación dentro del plazo dispuesto por la Ley el juez dictará sentencia contra el querellado, a instancia del querellante, concediendo el remedio solicitado y dicha sentencia será final.

Sin embargo, la **Ley Núm. 2** no prohibe la enmienda o suplementación de la querella original. Tampoco establece los efectos jurídicos de una enmienda o suplementación de las alegaciones por parte del querellante.

Por otra parte, la **Ley Núm. 2,** dispone en su Sección 3 que *"las **Reglas de Procedimiento Civil** se aplicarán en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento."*

La Regla **13 de las de Procedimiento Civil** regula lo concerniente a las alegaciones enmendadas o suplementarias en un procedimiento ordinario y dispone en parte, lo siguiente:

*"Regla 13.1*

*Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. **Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le restare para contestar la alegación original o dentro de los veinte días de notificársele la alegación enmendada, cualquiera de estos plazos que fuere más largo, a menos que el tribunal de otro modo lo ordenare.***

*Regla 13.4*

*A moción de una parte, previa notificación y sujeto a los términos que estime justos, el tribunal podrá permitirle alegaciones suplementarias exponiendo transacciones, eventos o hechos ocurridos con posterioridad a la fecha de la alegación que se proponga suplementar,*

*aunque la reclamación original sea inadecuada en su exposición de la solicitud de remedio. Si el tribunal estimare conveniente que la parte adversa presente alegaciones en contrario, así lo ordenará, especificando el plazo para ello."*

De una lectura del texto de la **Ley Núm. 2** es evidente que la Asamblea Legislativa no tuvo la intención de regular de manera especial lo concerniente a la enmienda o suplementación de las alegaciones por el querellante. En tal caso, la enmienda o suplementación de las alegaciones por parte del querellante, se rigen por lo dispuesto en las Reglas 13.1 y 13.4 de las de Procedimiento Civil.

En el caso de autos, el querellante alegadamente le notificó la querella al patrono querellado el 19 de enero de 1995. El patrono contestó la querella, el 2 de febrero de 1995. Sin embargo, el 31 de enero de 1995, el querellante presentó una moción titulada *"Moción Suplementando Otra Solicitando Se Dicte Sentencia"*, en la cual se incorporan unas alegaciones específicas sobre el cálculo de las horas, salarios, penalidades y honorarios. La **Regla 13.1** establece que cualquier parte puede enmendar sus alegaciones sin permiso del tribunal de instancia, si presenta la enmienda o suplementación antes de habérsele notificado una alegación respondiente.

Esta moción enmendó o, al menos, suplementó la querella original, la cual por estar redactada en términos esquemáticos y concluyentes hubiera impedido una sentencia en rebeldía por las cuantías que ahora específicamente se solicitan en tal moción. *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809, 815 (1978).

Además, la **Regla 43.6 de las de Procedimiento Civil** específicamente dispone que una sentencia en rebeldía no será de naturaleza distinta, **ni excederá en cuantía** a lo que se haya pedido en la solicitud de la querella. Asímismo, la **Regla 67.1 de las de Procedimiento Civil** claramente dispone que **las alegaciones en que se soliciten remedios nuevos o adicionales,** se le deberán notificar a las partes en rebeldía por falta de comparecencia en la forma dispuesta en la **Regla 4.4** para diligenciar emplazamientos. De este modo, la parte promovente está impedida de solicitar que se dicte sentencia en rebeldía por una suma mayor a la que se solicita en su demanda original, la cual no especificó de manera concreta. Por otra parte su moción supletoria suprimió la querella original y el procedimiento deberá guiarse por la querella según enmendada en la moción supletoria una vez ésta se le notifique al querellado en la forma dispuesta en la **Regla 4.4.**

En el momento en que la Sra. Rodríguez enmendó y suplementó su querella, creó una circunstancia de excepción bajo la **Ley Núm. 2** y renunció implícitamente a su derecho a que se dicte sentencia en rebeldía contra el patrono querellado. Ante esta circunstancia el tribunal *a quo* tenía discreción para no dictar sentencia en rebeldía. Por consiguiente no está impedido de dejar la anotación de rebeldía sin efecto con el fin de atemperar el procedimiento sumario a las circunstancias particulares de este caso. Tampoco está impedido de autorizar la contestación a la querella según enmendada, una vez ésta se le notifique al patrono en la forma dispuesta en las **Reglas 67.1 y 4.4.**

### -B-
El Tribunal Supremo de Puerto Rico ha resuelto que cuando existe causa justificada, aún bajo la **Ley Núm. 2,** los tribunales de instancia tienen discreción para denegar una moción para que se dicte sentencia en rebeldía cuando el patrono no contesta en el plazo que establece la Ley, y pueden atemperar el procedimiento sumario a las circunstancias del caso y extender el plazo para contestar la querella.

Así por ejemplo, en *Murphy Lugo v. Atl. So. Insurance Co.* 91 D.P.R. 335 (1964) el Tribunal Supremo resolvió que la Secretaría de un tribunal de instancia erró al devolver una

moción de prórroga para contestar por no estar jurada sin radicarla en el expediente del caso. Resolvió que tomando en consideración las circunstancias de ese caso el tribunal de instancia abusó de su discreción, al no dejar sin efecto una sentencia dictada contra un patrono por no contestar la querella dentro del plazo que establece la **Ley Núm. 2.**

Luego, en *Srio. del Trabajo v. Tribunal Superior,* 91 D.P.R. 864 (1965), el Tribunal Supremo sostuvo la discreción de un tribunal de instancia que dejó sin efecto una sentencia en rebeldía dictada contra un patrono por no jurar su moción de prórroga, basándose en que en la moción de prórroga se alegó que la reclamación ya había sido resuelta por una agencia administrativa, lo que equivale a una negación de los hechos.

Posteriormente, en *Román Cruz v. Díaz Rifas,* 113 D. P.R. 500 (1982), el Tribunal Supremo revocó una sentencia en rebeldía dictada en un caso, donde se presentó una prórroga sin juramento y no se contestó en el plazo que establece la Ley, señalando que los tribunales de instancia no deben interpretar la **Ley Núm. 2** en el abstracto. En *Román Cruz* el Tribunal Supremo interpretó su jurisprudencia anterior sobre este asunto, y concluyó que, aunque ha sido enérgico en la interpretación y aplicación de la **Ley Núm. 2,** cuando los hechos plantean circunstancias de excepción, ha sido flexible. Basándose en este criterio, el Tribunal Supremo consideró las siguientes circunstancias de excepción en ese caso: (1) la querellada presentó una moción de prórroga seis días antes de vencerse el plazo para contestar, y si hubiese sido apercibida de que le faltaba el juramento, hubiera tenido la oportunidad de corregir su error dentro del plazo; (2) la querella se refería a una reclamación por un largo período --18 años-- lo cual usualmente requiere una investigación para contestar responsablemente, según se adujo en la moción de prórroga; (3) de la propia querella surgía una defensa de prescripción por lo que el querellado tenía una defensa válida que los tribunales de instancia deben considerar antes de dictar una Sentencia en rebeldía. Al considerar este último factor el Tribunal Supremo hizo extensivo a los casos resueltos bajo la **Ley Núm. 2,** lo ya establecido en *J.R.T. v. Missy Mfg; Corp.,* 99 D.P.R. 805, 811, para los casos resueltos bajo la **Regla 45 de las de Procedimiento Civil:**

*"El objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación de los casos....*

*Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, constituye un claro abuso de discreción el denegarla. Como regla general una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado."*

Por último, en *Mercado Cintrón v. ZETA Communications Inc.,* **94 J.T.S. 50** en la pág. 11774 el Tribunal Supremo señaló la necesidad de que los tribunales de instancia le den vigencia al mandato legislativo plasmado en la **Ley Núm. 2,** y requieran el estricto cumplimiento del requisito de contestar la querella en el plazo de diez días de su notificación. Sin embargo, en *Mercado Cintrón* el Tribunal Supremo reitera expresamente que pueden existir **causas justificadas** para no cumplir con tal requisito. De este modo, tanto en Román Cruz como en Mercado Cintrón el Tribunal Supremo le reconoció a los tribunales de instancia un ámbito de discreción para atemperar el rigor del plazo para contestar la querella que establece la **Ley Núm. 2** cuando existe **causa justificada** y así negarse a dictar sentencia en rebeldía en estas circunstancias.

Esto debe ser así, porque la discreción es el instrumento más poderoso para hacer justicia que tienen los jueces. Los principios de trato justo y equidad, sobre los cuales se sostiene

nuestro ordenamiento jurídico, requieren que se atempere el rigor de la norma positiva mediante recurso a la conciencia del juzgador, orientada siempre hacia la pronta y justa decisión de los casos. Por esta razón, aun cuando el plazo para contestar la querella que establece la **Ley Núm. 2** se aplique con la mayor severidad, no puede aplicarse con más fuerza coercitiva que la asociada al exigir el cumplimiento estricto de la **Regla 4 (b)** que obliga a diligenciar el emplazamiento en el término de seis meses de su expedición, *Banco Metropolitano v. Berríos,* 110 D.P.R. 721 (1981); la **Regla 53.1 (a)** que **obligaba** a radicar en el tribunal apelativo copia del escrito de apelación dentro del término para recurrir. *Morales v. Méndez Más,* 109 D.P.R. 843 (1980); y la previa notificación al Estado de la acción civil en daños, *Loperena Irizarry v. E.L.A.,* 106 D.P.R. 357 (1977). En todos estos casos el Tribunal Supremo reconoce que los tribunales de instancia tienen discreción para determinar si existe causa justificada para extender el plazo que establece una ley para ejercer un derecho.

### -C-

En el caso de autos, existen aún otras circunstancias extraordinarias que vistas en su totalidad justifican que el tribunal *a quo* no dictara una sentencia en rebeldía según solicita el peticionario. Los daños morales reclamados son de tal naturaleza que el patrono no tiene información sobre tales alegaciones y requieren la presentación de prueba; se reclama compensación por un despido ocurrido hace 7 años y por trabajo realizado desde hace 17 años de lo que surge el planteamiento de prescripción que levantó el patrono como defensa afirmativa en su contestación a la querella cuya admisión se pretende revocar; el día que se venció el plazo el querellante presentó una moción enmendando o suplementando las alegaciones de su querella original para reclamar sumas específicas que no incluyó originalmente y no se las notificó al patrono en la forma dispuesta por la **Regla 4.4 y 67.1 de las de Procedimiento Civil.**

Además, tomamos conocimiento judicial de que en los siguientes casos ante este Tribunal, el Lcdo. Angel Marrero Figarella figura como abogado de la parte querellante: *Lucía Torres Vázquez v. Goya de Puerto Rico,* KLCE-95-00116; *María Isabel Oyola Nieves v. Joyería Goldmine,* KLCE-95-00246; *Isaac Ortiz Figueroa v. Dencaribe,* KLCE-95-00326; *Angel Edgardo Nieves Figarella v. Cooperativa de Seguros Múltiples,* KLCE-95-00353.

En todos estos casos se presentan querellas con alegaciones estereotipadas, esquemáticas y concluyentes entre las que se incluyen reclamaciones de daños morales por ansiedad insomnio, profundos dolores y angustias. Además en todos estos casos, tan pronto transcurrió el plazo que establece la **Ley Núm. 2** para contestar la querella el querellante presentó una moción para que se dicte sentencia en rebeldía y presentó otra moción donde reclama sumas en concepto de compensación, penalidad, honorarios e intereses que no se incluyeron en la querella original, ninguna de las cuales se le notifica al querellado en la forma dispuesta por las **Reglas 4.4 y 67.1 de las de Procedimiento Civil.**

Este patrón de trámite procesal podría dar lugar a un abuso del proceso sumario que establece la **Ley Núm. 2** ya que las sumas reclamadas en las mociones suplementarias son substancialmente mayores que las incluidas en la querella original y se solicita sentencia en rebeldía. Además la anotación de rebeldía, privaría a los querellados de una oportunidad para utilizar los medios de descubrimiento de prueba para conocer la prueba de daños morales y presentar prueba a su favor el día del juicio, lo cual crearía un riesgo substancial de que ocurra una determinación errónea en su contra. Sobre esto véase, *Rivera Rodríguez & Co. v. William Lee Stowell Taylor,* **93 J.T.S. 111,** a la pág. 10927; *López Vives v. Policía de Puerto Rico,* 118 D.P.R. 219 (1987); *Vélez Ramírez v. Romero Barceló,* 112 D.P.R. 716 (1987); véase además *Rivera González v. Danny's Bakery,* 121 D.P.R. 304, 311 (1988).

En circunstancias como las de autos, el querellante no puede exigir, que la **Ley Núm. 2** se aplique mecánicamente y en el abstracto. Al solicitar la suplementación de sus alegaciones, el

querellante renunció implícitamente a su derecho a invocar el vencimiento del plazo para contestar su querella original, que establece la **Ley Núm. 2**, por lo que está impedido de solicitar que se dicte sentencia en rebeldía contra el querellado. A nadie le es lícito conducirse contra sus propios actos. El contenido de este principio tiene su fundamento y raíz en el principio general del Derecho que ordena proceder de buena fe en la vida jurídica. El comportamiento contradictorio no tiene lugar en el Derecho y debe ser impedido. Díez Picazo, *La Doctrina de los Propios Actos* en la pág. 151; *Int. General Electric v. Concrete Builders,* 104 D.P.R. 871 (1976). Además, vista la totalidad de circunstancias en este caso, si al querellante se le permitiera invocar el vencimiento del plazo para contestar la querella y se dictara sentencia en rebeldía contra el querellado, no sólo se le estaría negando un trato justo y equitativo al querellado, sino que además, se estaría propiciando que la **Ley Núm. 2** se use con un fin distinto a aquel para el cual fue diseñada, lo cual constituye un abuso del procedimiento sumario. *Berríos v. International General Electric,* 88 D.P.R. 109, 120 (1963); *Velilla v. Pueblo Supermarkets, Inc.,* 111 D.P.R. 585, 588 (1981), y *Berríos v. U.P.R.,* 116 D.P.R. 88, 91 (1985). Este Tribunal no puede consentir a un abuso de proceso.

### III

Por otra parte, la querellante tenía derecho a que sus mociones suplementando las alegaciones de la querella original y solicitando que se dicte sentencia fuesen atendidas con premura en el calendario, conforme a la política pública adoptada por la Asamblea Legislativa en la Sección 4 de la **Ley Núm. 2,** 32 L.P.R.A. sec. 3121 donde se establece que en estos procedimientos una vez el patrono contesta la querella, el juicio debe celebrarse sin sujeción a calendario. **Véase además, Ley Núm. 78 de 31 de marzo de 1973,** 4 L.P.R.A. sec. 92 (nota). *"Los tribunales y los abogados no deben perder de vista que hay un mandato legislativo claro de que este tipo de casos no se dilaten indebidamente." Martínez v. Com. Oil Ref. Co., Inc.,* 92 D.P.R. 693, 698 (1965).

Ante tal situación, el tribunal *a quo* debe reseñalar la vista prontamente con preferencia en el calendario, para dilucidar las mociones para suplementar la querella original y solicitar que se dicte sentencia que tiene ante su consideración. Además debe continuar la rápida tramitación de los procedimientos en este caso, conforme a la totalidad de las circunstancias que se presentan en el mismo y lo dispuesto en esta Sentencia.

### IV

Por los fundamentos anteriormente expuestos, se expide el auto de *certiorari*, se modifica la resolución cuya revisión se solicita, y se ordena al Tribunal de Primera Instancia, Sala Superior de Bayamón, a reseñalar una vista prontamente con preferencia en el calendario para dilucidar las cuestiones que tiene ante sí y continuar la tramitación ulterior del caso dentro del procedimiento sumario de manera compatible con lo dispuesto en esta Sentencia.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 132

**1.** En esta segunda moción se hacen las siguientes alegaciones para añadirlas a la reclamación de la querella original:

*"3. La querellante ganaba la cantidad de $478.32 semanales o sea, $11.95 la hora. Surge de la querella que la querellante trabajaba por lo menos seis (6) horas extra semanales, por lo que por cincuentidós (52) semanas al año, esto da 312 horas anuales, lo que a doble tiempo hacen un total de 624 horas, lo que a su vez equivale a $7,456.80 anuales de horas extras. Tomando en cuenta que la querellante tiene derecho a reclamar hasta diez*

*años, esto hace un total de $74,568.00, por el período de diez años. Se reclama la imposición al patrono de una penalidad cuando se refiere a horas extra, por lo que la compensación por concepto de horas extra debe ascender a una suma igual, para un total de $149,136.00. (Véase Torres v. Hull Dobbs of Puerto Rico, Inc., 103 D.P.R. 662 (1975).*

*5. Por lo que es obligatorio se ordene la restitución en el empleo, que a la fecha de hoy, 31 de enero de 1995, lleva trescientos treinta y tres (333) semanas fuera del empleo y por tanto procede se le compense en la cantidad de $159,280.56, ($478.32 multiplicado por 333 semanas) más la penalidad, para un total de $318,561.12. (29 L.P.R.A. 194a(b) y asimismo dicha cantidad sea aumentada mes tras mes por la suma de $2,056.78, ($478.32 multiplicado por 4.3 semanas en un mes) hasta tanto la querellante sea restituida en su empleo y se ordene el cese y desista de la conducta ilegal del querellado. Procede además, se le compense de acuerdo con la sección 194a(b) [29 L.P.R.A. 194a(b)] por los daños y angustias mentales sufridos como consecuencia del discrimen tal y como se alegó en el párrafo ocho (8) de la querella, por la cantidad no menor de $75,000.00 dólares. Así mismo debe compensársele según dicha legislación, [29 L.P.R.A. 194a(b)] por el doble de la cuantía de daños y angustias mentales.*

*6. La suma de las cantidades indicadas en el párrafo tres (3) y cinco (5) de esta moción asciende a la cantidad de $467,697.12."*

\* Subrayado nuestro.

*5. Por lo que es obligatorio se ordene la restitución en el empleo, que a la fecha de hoy 31 de enero de 1995, lleva trescientas treinta y tres (333) semanas fuera del empleo y por tanto porcede se le compense en la cantidad de $159,280.56, ($478.32 multiplicados por 333 semanas) más la penalidad, para un total de $318,561.12 (29 L.P.R.A. 194a(b)) y así mismo dicha cantidad sea aumentada mes tras mes por la suma de $2,056.78 ($487.32 multiplicados por 4.3 semanas en un mes) hasta tanto la querellante sea restituida en su empleio y se ordene el cese y desista de la conducta ilegal del querellado. Procede además, se le compense de acuerdo con la sección 194a(b) [29 L.P.R.A. 194a(b)] por los daños y angustias mentales sufridos como consecuencia del discrimen tal y como se alegó en el párrafo ocho (8) de la querella, por la cantidad no menor de $75,000.00 dólares. así mismo debe compensársele según dicha legislación [29 L.P.R.A. 194a(b)] por el doble de la cuantía de daños y angustias mentales.*

*6. La suma de las cantidades indicadas en el párrafo tres (3) y cinco (5) de esta moción asciende a la cantidad de $467.697.12."*

\* Subrayado nuestro.

**2.** Debe observarse que el tribunal *a quo* señaló la vista para celebrarse durante el próximo año.

**3. Sobre esto refiérase a las siguientes fuentes:** Informe de la Comisión del Trabajo del Senado 14, *Diario de Sesiones Parte 3* en la página 1708, 1735; Informe de la Comisión del Trabajo a la Cámara de Representantes de 8 de agosto de 1961, 14 *Diario de Sesiones, Sesión Extraordinaria,* en la pág. 48; e Informe de la Comisión de lo Jurídico a la Cámara de Representantes de 24 de agosto de 1961, 14, *Diario de Sesiones, Sesión Extraordinaria,* en la pág. 155. **Refiérase además a las siguientes fuentes secundarias:** Luis Blanco Lugo *La Tramitación de Reclamaciones de Salarios,* La Toga mayo-junio de 1969 en la pág. 1; Elí B. Arroyo, *Legislación, Ley Núm. 2,* 22 Revista Col. Abog. 195 (1962); Ruy Delgado Zayas, *Manual Informativo de Legislación Protectora del Trabajo de Puerto Rico* (1988) en la pág. 337; Alberto Acevedo Colóm, *Legislación Protectora del Trabajo Comentada* (1993) en la página 340.

## VOTO CONCURRENTE DEL JUEZ DE
## APELACIONES SR. CORDERO — 95 DTA 132

San Juan, Puerto Rico, a 29 de junio de 1995

El propósito primordial de la **Ley Núm. 2 de 17 de octubre de 1961,** según enmendada, 32 L.P.R.A. Sec. 3118 *et seq.* es darle al obrero despedido un proceso rápido, y sumario para él reclamar cualquier **salario o beneficio** indebidamente retenido por el patrono y asegurarse de una pronta decisión. *Sierra v. Tribunal Superior,* 81 D.P.R. 554, 564-565 (1959)█ La Asamblea Legislativa estableció un procedimiento sumario, rápido y sencillo, *"para reglamentar las reclamaciones de salarios".* (Enfasis mío.) *Landrum Mills Corp. v. Tribunal Superior,* 92 D.P.R. 689, 690 (1965). El proceso sumario es constitucionalmente válido porque, entre otras cosas, el patrono no necesita solicitar del empleado información sobre los salarios pagados ya que dicho patrono, bajo ley, está obligado a mantener en su poder esa información; *Dorado Beach Corp. v. Tribunal Superior,* 92 D.P.R. 610, (1965), pero si existe una controversia *bona fide* entre el empleado y el patrono donde el patrono verdaderamente no tiene la información a su alcance, entonces;

*"...la prohibición de utilizar los medios de descubrimiento de prueba resultaría discriminatorio y [constitucionalmente] de dudosa validez." Id.,* págs. 618-619.

En el presente caso, el abogado de la parte querellante claramente busca una indebida ventaja mediante el claro abuso de los procedimientos. En vez de acelerar los procedimientos, el querellante los demora usando la táctica de enmendar sus alegaciones sin notificar al querellado, al mismo tiempo que solicita la anotación de rebeldía y pide se dicte sentencia en rebeldía a base de la querella enmendada. █

En la querella original no hace los cómputos de la cantidad de salarios que reclama y hace una alegación de $75,000.00 de daños y perjuicios, por *"ansiedad, insomnio y profundos dolores y angustias...."* Luego, mediante su *"Moción Suplementando...",* el querellante reclama $149,136.00 por salarios *"hasta diez años"* atrasados incluyendo la penalidad, pide compensación adicional de $318,561.12 más la restitución por la alegada violación a las Leyes del Trabajo (29 L.P.R.A. sec. 194a), reclama daños y perjuicios por una *"cantidad no menor de $75,000.00",* pide intereses al 9.5% anual y honorarios de abogados equivalentes al 30% del total de la sentencia. Por supuesto, esta querella enmendada no fue notificada al patrono, pero aún así, el querellante insiste en que se dicte sentencia en rebeldía a base de las nuevas alegaciones que añade.

Bajo la Regla 67.1, Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, era necesario notificar al querellado de la querella enmendada. Esto es así porque el querellante solicita en su *"suplemento"* remedios nuevos y adicionales. Como dijimos, el querellante **no** notificó la enmienda a la parte querellada. Sin embargo, pretende se dicte sentencia en contra de los querellados a base de las reclamaciones nuevas y adicionales hechas en la querella enmendada, contrario a las disposiciones de la Regla 43.6, Reglas de Procedimiento Civil de 1979. Inducir a error al tribunal en esa forma es una táctica censurable.

Un tribunal tiene poder inherente para tramitar reclamaciones de salarios por la vía ordinaria cuando se hacen alegaciones de daños y perjuicios, o se hacen reclamaciones donde la información no es de fácil acceso al querellado. █ En este caso, por ejemplo, no sólo se hacen las reclamaciones de daños morales, sino que también se hacen reclamaciones de *"horas extras"* que retroceden por más de diez años. No deben ser muchos los patronos que guardan copia de los pagos de salarios a sus ex-empleados por diez (10) años. Eliminarle

mediante ley el derecho de investigación y descubrimiento de prueba a un patrono cuando éste no tiene la información para defenderse a su alcance, resultaría en una ley *"discriminatoria y de dudosa validez"*. *Dorado Beach Corp. v. Tribunal Superior, supra,* pág. 618-619.

La *"dudosa validez"* no se cura dándole oportunidad a una parte para hacer preguntas a la parte adversa y a sus testigos durante el juicio. Aunque en Hollywood Perry Mason gana todos sus casos haciéndole preguntas durante el juicio a los testigos adversos, en la vida real los que hemos litigado extensamente sabemos que para poder correcta y eficientemente representar a un cliente, es indispensable hacer un descubrimiento de prueba y una preparación extensa de la materia antes del juicio. De lo contrario, un abogado, por bueno que sea, no tendrá el conocimiento de la materia ni la preparación adecuada para realizar efectivos contrainterrogatorios durante el juicio de peritos y testigos adversos bien preparados. Como dijo el distinguido jurista, Juez Lino J. Saldaña, en un caso que también trataba de salarios, *Sierra v. Tribunal Superior, supra,* pág. 560:

*"La experiencia demuestra que un sistema liberal de descubrimiento de pruebas **antes** del juicio facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas **e injusticias** que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio".* (Enfasis mío.)

Lo que busca el abogado del querellante en éste y en los otros casos citados en la opinión de este panel, es que este Tribunal apoye el que se cometa una injusticia en contra del patrono mediante el indebido uso de los procedimientos. Obviamente, no se puede permitir tal abuso. En este sentido me uno a todo lo dicho por el Juez Amadeo Murga en su voto particular en el caso de López *Torres v. Banco Del Comercio de P.R.,* ante este Tribunal, Caso KLCE-95-00333, Resolución emitida el 7 de junio de 1995.

Es de pensar que la ventaja que se le da al obrero despedido mediante el uso del proceso sumario, es para que éste cobre rápidamente después de su despido los salarios indebidamente retenidos por su patrono. En este caso, dicho escenario tampoco se da, ya que el alegado despido ocurrió el 19 de agosto de 1988, y se radicó la querella sobre salarios el 19 de enero de 1995, o sea, a los casi seis años y medio luego del despido. Siendo esto así, ¿cuál es el apuro que tiene ahora el querellante que insiste en eliminarle defensas válidas al patrono mediante el indebido uso de los procedimientos?

Debemos recordar que aún en casos de salarios la regla general es que una buena defensa, como lo es la defensa de prescripción, debe siempre inclinar la balanza a favor de una vista en los méritos; *Román Cruz v. Díaz Rifas,* 113 D.P.R. 500, 506-507 (1982), citando a *J.R.T. v. Missy Mfg. Corp.,* 99 D.P.R. 805, (1971), y que todo proceso adjudicativo debe perseguir la búsqueda de la verdad y hacer justicia a las partes. *Berríos v. U.P.R.,* 116 D.P.R. 88, 94 (1985); *J.R.T. v. Aut. de Comunicaciones,* 110 D.P.R. 879, 884 (1981). Estas normas no han sido revocadas por nuestro Tribunal Supremo, a pesar de lo dicho en *Mercado Cintrón v. Zeta Communications,* ___ D.P.R. ___ (1994), **94 J.T.S. 50.**

Finalmente, como he dicho, el espíritu de la **Ley Núm. 2 de 17 de octubre de 1961** es darle un remedio rápido al obrero que han despedido sin pagarle sus debidos **salarios.** Sin embargo, estimo que una querella en la cual se reclaman daños morales, no tiene que tramitarse mediante el procedimiento sumario que establece la **Ley Núm. 2 de 17 de octubre de 1961.**

Del historial de la ley surge que la Asamblea Legislativa no tuvo el propósito de que este procedimiento sumario se utilizara en casos de daños y perjuicios donde se hacen alegaciones sobre cuya información el patrono no tiene control y necesita utilizar los mecanismos de

descubrimiento de prueba para defenderse apropiadamente.

**CHARLES A.CORDERO**
**JUEZ DE APELACIONES**

**ESCOLIOS VOTO CONCURRENTE DEL JUEZ**
**DE APELACIONES SR. CORDERO — 95 DTA 132**

**1.** El caso de *Sierra* trataba de una reclamación de salarios bajo la Ley Núm. 10 de 1917.

**2.** El querellante trata de disfrazar las enmiendas a las alegaciones titulándolas *"Moción Suplementando...."*.

**3.** Notamos, que bajo las disposiciones de ley (29 L.P.R.A. secs. 138 y 149) las reclamaciones de este tipo podrán tramitarse por acción ordinaria o mediante el procedimiento de querella. Obviamente, el tribunal tiene discreción bajo estos artículos para determinar si una acción de daños y perjuicios, combinada con reclamaciones de salarios y beneficios, es más prudente y justo llevarlas por la vía ordinaria.