# 95 DTA 198

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

CESAR JUAN ALMODOVAR, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS DE P.R., EN REPRESENTACION Y PARA BENEFICIO DE ERMELINDA DAVILA MEDINA, ETC.
Querellante-Apelado

KLAN-95-00570
v.

CARIBE INDUSTRIES
Querellado-Apelante

San Juan, Puerto Rico, a 27 de junio de 1995

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelante, Caribe Industries, nos solicita en este recurso de apelación que revisemos una sentencia dictada el 31 de marzo de 1995, por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan. Mediante la misma se declaró con lugar una reclamación de salarios presentada por el Secretario del Trabajo en representación y beneficio de la querellante, Ermelinda Dávila Medina, bajo el procedimiento especial de carácter sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. Sec. 3118, *et seq.* La sentencia fue emitida por el tribunal al éste no aceptar una contestación a la querella, la que fue presentada fuera del término provisto en dicha ley. Entendió el juez sentenciador que una prórroga concedida por otro magistrado para contestar la querella, fue erróneamente otorgada toda vez que la solicitud para ésta no había sido juramentada, según requiere la Sec. 3 de la Ley Núm. 2, *supra*, 32 L.P.R.A. Sec. 3120.

Sostiene la apelante que el Tribunal de Primera Instancia erró al declarar con lugar la querella, rechazando la contestación, cuando la misma se presentó dentro del término de una prórroga que se autorizó.

Analizado el recurso de apelación, así como los planteamientos presentados por la parte apelante, Caribe Industries, procede que dispongamos en forma sumaria de éste, sin necesidad de trámite ulterior, confirmando la sentencia.

### I

No están en controversia los eventos procesales que dieron lugar a la sentencia objeto de revisión. Los mismos se desprenden de los documentos que obran en autos y nos sirven de base para la consideración sumaria de este recurso. Veamos.

El Secretario del Trabajo presentó el 18 de marzo de 1994 una querella ante el Tribunal de Distrito, Sala de San Juan, bajo el procedimiento sumario establecido en la Ley Núm. 2, *supra*, para reclamar en beneficio de la Sra. Dávila Medina, la suma total de $376.96. La querellada, aquí apelante, Caribe Industries, fué notificada de dicha querella el día 12 de julio de ese año. En la notificación se le apercibió a Caribe Industries que debía presentar su contestación dentro del término de diez (10) días y que de así no hacerlo, se dictaría sentencia en su contra concediendo el remedio solicitado, sin más citarle ni oírle. El 22 de julio de 1994, último día hábil para contestar la querella, Caribe Industries solicitó una prórroga de quince (15) días adicionales para contestarla. Dicha solicitud no fue juramentada.

El 28 de julio de 1994 Caribe Industries contestó la querella. Al día siguiente, 29 de julio, el tribunal de instancia declaró con lugar la solicitud de prórroga. No obstante, advirtió a Caribe Industries que en futuras ocasiones la moción de prórroga tenía que estar juramentada por ser *"un requisito de ley en estos casos"*.

Posteriormente, el caso fue asignado a otro magistrado, quien pasó juicio sobre la contestación a la querella y determinó que la prórroga concedida había sido erróneamente

otorgada ya que la solicitud para ésta no había sido juramentada, según requiere la Sec. 3 de la Ley Núm. 2, *supra*. En vista de ello, dictó sentencia el 31 de marzo de 1995, declarando con lugar la querella y condenando a Caribe Industries a pagarle a la querellante la suma reclamada.

La Sección 3 de la Ley Núm. 2, *supra*, 32 L.P.R.A. 3120, en lo pertinente establece como sigue:

*"El Secretario del Tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, **dentro de diez (10) días después de la notificación**, si éste se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. **Solamente a moción de la parte querellada la cual deberá notificarse al abogado de la parte querellante, o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos, para que ello tuviere la parte querellada, podrá el Juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el Tribunal para conceder esa prórroga"*. (Enfasis suplido.)

Una mera lectura de la disposición de ley antes transcrita, claramente nos señala que la prórroga sólo la puede conceder el juez cuando se expongan bajo juramento los motivos para solicitarla. En adición, la propia ley establece que en ningún otro caso tendrá *"jurisdicción"* el tribunal para conceder la prórroga.

No empece a la clara expresión legislativa, nuestro Tribunal Supremo ha tenido que manifestarse sobre la referida disposición legal para recalcar que en ausencia de una solicitud de prórroga, donde se expongan bajo juramento los motivos que justifican la dilación, los tribunales de ordinario no tienen discreción para permitir la presentación tardía de la contestación a la querella en ausencia de justificación, la cual no se efectuó en este caso. *Mercado Cintrón v. Zeta Comunications, Inc.*, ___ D.P.R. ___ (1994), **94 JTS 50**, págs. 11777-11778. Igualmente, ha repetido que *"la esencia y médula del trámite fijado para casos sobre reclamaciones salariales, consagrado en la Ley Núm. 2, del 17 de octubre de 1961..., constituye el procesamiento sumario y su rápida disposición"*. *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314 (1975); *Resto Maldonado v. Galarza*, 117 D.P.R. 458 (1986); *Srio. del Trabajo v. J.C. Penney Co.*, 119 D.P.R. 660 (1987).

Como bien destaca nuestro Tribunal Supremo, *"todos los tribunales tenemos la obligación de darle vigencia al claro mandato legislativo plasmado en la Ley Núm. 2 de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales"*. *Mercado Cintrón v. Zeta Comunications, Inc.*, *supra*, pág. 11777.

En el caso de autos Caribe Industries no juramentó su solicitud de prórroga. Surge además, que presentó su contestación transcurrido el término de los diez (10) días que dispone la ley, cuando aún no podía tener certeza de que la prórroga solicitada fuese a ser concedida.

La sección 4, de la Ley Núm. 2, *supra*, 32 L.P.R.A. 3121, provee para que si el querellado no radica su contestación a la querella en la forma y dentro del término dispuesto en la sección 3, *supra*, el juez dictará sentencia concediendo el remedio.

Por otro lado, tratándose de un asunto de carácter ministerial de ley, no estaba impedido el juez que emitió la sentencia de pasar juicio sobre lo actuado por otro magistrado de la misma jerarquía y resolver que la prórroga autorizada era contraria a la ley y, por ende, dictar la

sentencia. *Torres Cruz v. Municipio de San Juan,* 103 D.P.R. 217, 222 (1975).

No se cometió el error señalado.

## III

En adición a lo anterior, el recurso instado de apelación no cumple con las disposiciones de la Ley Núm. 1 del 28 de julio de 1994, conocida como la Ley de la Judicatura de Puerto Rico de 1994, la cual entró en vigor el 24 de enero de 1995. En lugar de dirigirse la apelación al Tribunal de Circuito de Apelaciones, se menciona en el escrito que se *"apela al Tribunal Superior de San Juan".* Además, en ninguna parte del recurso se hace referencia al Tribunal de Circuito de Apelaciones como el foro ante el cual se recurre.

Aunque el caso nos fue referido por la Secretaría del Tribunal de Primera Instancia, entendiendo que a nosotros correspondía la competencia, no podemos pasar por alto este hecho y advertir que los recursos tienen que estar conformados a la nueva ley de la judicatura y que su incumplimiento es motivo suficiente para denegar o desestimar los mismos, conforme a la Regla 31 (c)-del Reglamento del Tribunal de Circuito de Apelaciones. Tampoco cumple el recurso presentado con el Reglamento del Tribunal de Circuito de Apelaciones, aprobado el 3 de febrero de 1995, particularmente con la Regla 15 la cual trata sobre la forma del escrito de apelación.

Por las consideraciones anteriores, se confirma la sentencia dictada por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General