Negrón Soto, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso, el querellado-apelante solicita se revoque la sentencia parcial dictada por la *1122 Sala Superior de San Juan, en un pleito de reclamación de salarios, tramitado bajo el procedimiento especial instituido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sees. 3118 etseq.
I
La querellante-apelada compareció y se opuso, alegando falta de jurisdicción de este Tribunal para entender en el mismo. A esos eféctos solicitó la desestimación de este recurso, la cual fue declarada NO HA LUGAR mediante resolución emitida el 11 de septiembre de 1995. Habiéndose resuelto dicho planteamiento jurisdiccional estamos ahora en posición de entrar a considerar los méritos de la controversia que se plantea en el recurso.
El querellado-apelante alega, en esencia, que erró el Tribunal de Instancia al anotar y, posteriormente, dictar sentencia en rebeldía por no haberse contestado la querella dentro del término de diez (10) días dispuesto en la See. 3 de dicha Ley Núm. 2, 32 L.P.R.A. see. 3120. Señala, entre otros errores, que, debido a que en la querella se acumularon varias reclamaciones, accesorias a la reclamación de salarios, no procedía aplicar dicha ley y por consiguiente la anotación de rebeldía. Sostiene, por el contrario, que debió el Tribunal de Primera Instancia haber aceptado la contestación de la querella, la cual fue presentada tres (3) días después de haber expirado el referido término de diez (10) días. Veamos los hechos en particular que sirven de trasfondo a este caso.
II
El 30 de mayo de 1995 el querellado fue notificado, con copia de la querella que origina el caso, al ser emplazado. El 13 de junio de 1995, es decir trece (13) días después, presentó la contestación a la querella, sin solicitar previamente prórroga alguna para ello. En esa misma fecha, la querellante presentó una moción solicitando se anotara la rebeldía y se dictara sentencia. Posteriormente, el 15 de junio, presentó otra moción suplemeníando la solicitud de anotación de rebeldía, la cual constituyó para todos los fines prácticos una enmienda a las alegaciones presentadas en la querella original, según veremos más adelante. En dicha moción se incluyeron cantidades específicas de salarios dejados de percibir y horas extras; y se solicitó, compensación por el doble de la cuantía de daños y angustias mentales, la imposición de intereses, más una cantidad equivalente al treinta (30) porciento del total de la sentencia por concepto de honorarios de abogado. La alegación cuatro (4) de la querella, al contemplar varias alternativas, resulta ser imprecisa, amplia y concluyente. Las alegaciones cinco (5) y seis (6) de la querella, donde se reclaman daños, además de ser unas estereotipadas, esquemáticas y concluyentes, no contenían ninguna cuantía específica de daños. La alegación siete (7) también está redactada en términos esquemáticos, imprecisos, concluyentes y generales, sin incluir los datos que pudieran dar lugar a fijar compensación alguna. Véase nota al calce núm. tres (3). Además, reclamaba daños morales por el despido, por no haber conseguido trabajo y por haber "desarrollado ansiedad, insomnio y profundos dolores y angustias". Las partidas incluidas en su escrito como suplementarias a la querella, ciertamente no aparecían en la querella original.
ni
La See. 3 de la Ley Núm. 2, supra, dispone, en lo pertinente:

"El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte, querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga".

Esta prohibición directa y expresa, según atemperada por la jurisprudencia, obliga al tribunal a no admitir una contestación a una querella presentada fuera del término antes señalado, salvo que se demuestre la existencia de justa causa para la dilación. En Román Cruz v. Díaz Rifas, 113 D.P.R. 500 *1123 (1982), el Tribunal Supremo establece que, a pesar de que los requisitos de la Ley Núm. 2, supra, son de cumplimiento estricto, hay que examinar cada caso de forma particular ya que pueden mediar circunstancias especiales que requieran una mayor flexibilidad en la interpretación de la ley. Específicamente, en la página 505 dispone que:
"No hay duda de que nuestra Asamblea Legislativa, preocupada con la lentitud de los trámites judiciales ordinarios tuvo el propósito de agilizar los procedimientos de reclamaciones de salarios al aprobar la citada Ley Núm. 2 de octubre de 1961. Ahora bien, las leyes no se interpretan ni se aplican en el vacío. No todos los casos son iguales, un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro, por más que éstos parezcan ser iguales. Ante un cuadro de hechos que así lo exigía, hemos sido enérgicos en la interpretación y aplicación de la citada ley especial; ejemplo de ello lo es el caso de Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975). En otras ocasiones, cuando los hechos así lo han requerido, hemos sido más flexibles; constituyen ejemplo de ello los casos de Murphy Lugo v. Atl. So. Insurance Co., D.P.R. 335 (1964), y Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864 (1965).
En Mércado Cintrón v. Zeta Communication Inc., 94 J.T.S. 50, pág. 11777, nuestro Tribunal Supremo ratifica esta doctrina, disponiendo que:
"Repetidamente hemos enfatizado que "la esencia y medula del trámite fijado para casos sobre reclamaciones de salarios, consagrado en la Ley Núm. 2 del 17 de octubre de 1961..., constituye el procesamiento sumario y su rápida disposición." Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975); Resto Maldonado v. Galarza, 117 D.P.R. 458 (1986); Srio del Trabajo v. J.C. Penney Co., 119 D.P.R. 660 (1987). Una y otra vez hemos insistido en que todos los tribunales tenemos la obligación de darle vigencia al claro mandato legislativo plasmado en la Ley Núm. 2 de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales. El hecho de que en ocasiones las circunstancias especiales de algún caso particular requieran alguna flexibilidad en la aplicación de la Ley Núm. 2, como lo reconocimos en Román Cruz v. Díaz Rifas, D.P.R. 500 (1982), de ningún modo nos da carta blanca para soslayar en cualquier caso el inequívoco y mandatorio precepto de rapidez en el trámite judicial estatuido en la Ley Núm. 2. De ordinario no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2 sólo en casos excepcionales, cuando median circunstancias especiales, podemos ser más flexibles."
Así, "[l]os tribunales de ordinario no tienen discreción para permitir la presentación tardía de la contestación a la querella en ausencia de justificación". Almodovar v. Caribe Industries, 95 DTA 198, KLAN-95-00570, sentencia del 27 de junio de 1995, citando a Mércado Cintrón v. Zeta Communications, Inc., supra, pág. 11777-11778.
No habiéndose presentado una moción de prórroga ni surgiendo de los autos ante nos que hayan mediado circunstancias especiales que justifiquen la dilación de la presentación de la contestación a la querella, es forzoso concluir que la querellada presentó su contestación tardíamente. 
Por otro lado, la Ley Núm. 2, supra, no prohíbe el que se enmiende, o el que Se pueda suplementar una querella sobre reclamación de salarios acogida al procedimiento sumario especial que dispone ésta. Tampoco regula de forma alguna la manera en que se pueda enmendar, en los casos apropiados; una querella presentada al amparo de dicha ley. Su sección tres (3), supra, dispone que:

"[l]as Reglas de Procedimiento Civil se aplicarán en todo aquello que no esté en conflicto con las disposiciones específicas de las. mismas o con el carácter sumario del procedimiento."

La Reglas 13.1 y 13.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, regulan lo concerniente a las enmiendas a las alegaciones; Estas disponen en su parte pertinente:

"Regla 13.1

Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) 
*1124
días de haber notificado su alegación. En cualquier otro caso las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le restare para contestar la alegación original o dentro de veinte (20) días de notificársele la alegación enmendada, cualquiera de estos plazos que fuere más largo, a menos que el tribunal de otro modo lo ordenare.

Regla 13.4

A moción de una parte, previa notificación y sujeto a los términos que estime justos, el tribunal podrá permitirle alegaciones suplementarias exponiendo transacciones, eventos o hechos ocurridos con posterioridad a la fecha de la alegación que se proponga suplementar, aunque la reclamación original sea inadecuada en su exposición de la solicitud de remedio. Si el tribunal estimare conveniente que la parte adversa presente alegaciones en contrario, así lo ordenará, especificando el plazo para ello."

En Rodríguez v. Marshalls y/o Marshalls Inc., 95 DTA 132, KLCE-95-00100, Sentencia del 28 de junio de 1995, págs. 7-8, expresamos que:

"De una lectura del texto de la Ley Núm. 2, supra, es evidente que la Asamblea Legislativa no tuvo la intención de regular de manera especial lo concerniente a la enmienda o suplementación de las alegaciones por el querellante. En tal caso, la enmienda o suplementación de las alegaciones por parte del querellante se rigen por lo dispuesto en las Reglas 13.1 y 13.4 de las de Procedimiento Civil, supra."

La "Moción Adicional Suplementando Otra", de la parte querellante constituyó, para todos los fines prácticos, una enmienda a las alegaciones de la querella original, la cual en virtud de lo dispuesto en la Regla 13, supra, y el análisis antes expuesto de la See. 3 de la Ley, supra, está permitida por nuestro ordenamiento.
Como se dijo en Rodríguez v. Marshalls y/o Marshalls, Inc., supra, citando a Continental Ing. Co. v. Isleta Marina, 106 D.P.R. 809, (1978), "Esta moción enmendó,..., la querella original, la cual por estar redactada en términos esquemáticos y concluyentes hubiera impedido una sentencia en rebeldía por las cuantías que ahora específicamente se solicitan en tal moción."
El dictar sentencia en rebeldía por no formularse contestación acarrea como consecuencia "el que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda... Cabe mencionar que el concepto de "materias bien alegadas" significa que en una rebeldía se consideran admitidos los "hechos correctamente alegados." Continental Ins. Co. v. Isleta Marina, supra, a la pág. 815. Por ello, para dictar sentencia en rebeldía tenía que haber en la querella original unas alegaciones bien hechas. En el caso ante nuestra consideración, como hemos visto antes, las alegaciones pertinentes de la querella original no lo eran, por lo que dejaban de exponer hechos concretos que eran vitales para la determinación, entre otras, de la reclamación de salarios y horas extras. Así, además de no incluir el monto total de las reclamacioness, no ofrecía los datos suficientes para poder hacer su cómputo.
Es sabido que las alegaciones deben de ser concisas y directas. Regla 6.5, de las de Procedimiento Civil, supra. Las alegaciones deben de contener un mínimo de detalles acerca de los actos del demandado que causaron el alegado perjuicio. Véase, Pamel Corp. v. The P.R. Highway Authority et al, 621 1980), pág. 36, citando a Kadar Corp. v. Millbury, 549 F. 2d 230, 233 (1st. Cir. 1977). No obstante, para determinar la suficiencia de una alegación, las aseveraciones de tiempo y lugar son esenciales. Regla 7.3, de las de Procedimiento Civil, supra. Por otro lado, "[cjuando se reclamen daños especiales, se detallará el concepto de las distintas partidas." Regla 7.4, de Procedimiento Civil, supra. En el caso ante nuestra consideración, los daños alegados por concepto de horas extras tienen una dimensión similar a la reclamación de daños especiales, por lo que era imprescindible que se alegaran con mayor especificidad.
Uno de los propósitos de esta Regla 7.4, supra, es proteger al querellado de un elemento "sorpresa" *1125 en el juicio, ayudándole así a determinar la magnitud y cuantía de la reclamación por parte del querellante; además de permitirle prepararse adecuadamente para enfrentarse a la prueba relacionada a dichos daños. Wright & Miller, Federal Practice and Procedure, Civil 2d § 1310, pág. 701.
Por ello, el tribunal apelado no podía, sin la "Moción Adicional Suplementando Otra", haber dictado sentencia en rebeldía sobre algunas de las reclamaciones de la querellante, supra, pues carecía de la información necesaria y vital para ello. Es por tal razón que dicha moción constituyó una enmienda y no una suplementación a la querella original.
Aún tratándose de partes-en rebeldía, al enmendar la querella, solicitando remedios nuevos o adicionales, la querellante-apelada venía obligada a notificar al querellado copia del escrito enmendado. Regla 67 de Procedimiento Civil, supra. A partir de la fecha de la notificación comenzaba a decursar un nuevo término para que la parte querellada contestara la querella.
En el caso de autos, la querellante no notificó al querellado con copia de la querella enmendada, conforme a lo dispuesto en la Regla 67, supra, por lo que no ha comenzado a transcurrir el término para hacer su alegación responsiva. Por tal razón, erró el Tribunal de Primera Instancia al anotar la rebeldía y dictar sentencia simultáneamente en la sentencia parcial del 27 de junio pasado, objeto de este recurso.
Por los fundamentos antes expuestos se revoca la sentencia apelada. Se dispone, además, a los fines de agilizar los procedimientos, que dentro del término de diez (10) días a partir de la notificación de esta sentencia, el querellado conteste la querella enmendada bajo el apercibimiento provisto en la sección tres (3) de la Ley Núm. 2, supra. Se devuelven los autos del caso al tribunal recurrido para que continúen los procedimientos consistentes con lo aquí resuelto. —-:
Lo acordó así el Tribunal y lo certifica la Secretaria General.
Regístrese y notifíquese.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 288
1. En la parte pertinente de la querella original la querellante alegó lo siguiente:

"3) La querellante, Carmen Marín Kuilan, prestó servicios para la parte querellada, desde el 28 de septiembre de 1992, [mediante contrato sin tiempo determinado como empleada y devengando un salario ascendiente a la cantidad de $4.25 la hora, y fue despedida el 19 de julio de 1994. Nunca le pagaron vacaciones, ni se le permitió tomarlas.

4) El despido de la querellante se debió a que el patrono discriminó y/o violó y/o amenazó contra la querellante, con relación a los términos y condiciones, compensación, ubicación y beneficio o privilegio del empleo cuando la querellante ofreció o intentó ofrecer testimonio ante un Foro Administrativo.

5) Que la acción de la parte querellada al despedir a la querellante por la razón antes expuesta, le ha causado daños consistentes en salarios dejados de percibir desde el momento de su despido y dicha cantidad continuará aumentando hasta tanto la querellante sea reinstalada en su empleo.

6) Además de los salarios dejados de percibir, la querellante ha sufrido daños y perjuicios y angustias mentales como consecuencia del discrimen sufrido; no ha podido conseguir trabajo a pesar de las gestiones que ha hecho; ha desarrollado ansiedad, insomnio y profundos dolores y angustias, cuyos daños se estiman en una suma no menor de $75,000.00.

7)La querellante trabajaba, además, por lo menos una (1) hora extra al día sin que le pagara y nunca se le pagó de almuerzo a pesar de que la trabajaba."

*1126 2. En esta moción se añaden las siguientes alegaciones a las anteriormente transcritas de la querella original:
"4) Por lo que es obligatorio se ordene la restitución en el empleo, que para el 19 de mayo de 1995, lleva diez (10) meses fuera del empleo y por tanto procede se le compense en la cantidad de $14,620.00, ($4.25 x 40 horas — $170.00 x 4.3 semanas = $731.00) más la penalidad, para un total de $1,462.00 ($731.00 x = $1,462.00 x 10 meses = $14,620.00) (29 L.P.R.A. 194a(b) y asimismo dicha cantidad sea aumentada mes tras mes por la suma de $1,462.00, hasta tanto el querellante sea restituido en su empleo a partir del 19 de mayo de 1995 y se ordene el cese y desista de la conducta ilegal del querellado.
5) Se le compense además en la cantidad de $15,351.00 por horas extras. (Se desglosan de la siguiente manera; $4.25 x (doble) = $8.50 x 10 horas semanales - $85.00 x 4.3 semanas en un mes - $315.50 x 21 meses (surge del párrafo 3 de la querella que empezó a trabajar el de septiembre de 1989 y fue despedida el 19 de julio de 1994) = $7,675.50 x 2 (penalidad) = $15,351.00.

7) Procede además, se le compense de acuerdo con la sección 194a(b) [29 L.P.R.A. 194a(b)j por los daños y angustias mentales sufridos como consecuencia del discrimen y por no haber podido conseguir trabajo, a pesar de las gestiones que ha hecho tal y como se alegó en el párrafo seis (6) de la querella, por la cantidad no menor de $75,000.00 dólares. Así mismo debe compensársele según dicha legislación, [29 L.P.R.A. 194a(b)j por el doble de la cuantía de daños y angustias mentales.

8) Finalmente procede que este Honorable Tribunal imponga intereses al 9.5% anual según fijado por la Junta Financiera, más una cantidad equivalente al 30% del total de la sentencia por concepto de honorarios de abogado, según dispuesto en la sección 15 de la Ley Núm. 2 de 17 de octubre de 1961, según enmendado, 32 L.P.R.A. See. 3132 y en la Sección 194a(b), anteriormente citada."

3. Al analizar las partidas de las horas trabajadas y las horas extras, notamos que de la querella original no se desprende el total de horas trabajadas durante el día y durante la semana. Tampoco se alega el total de horas extras por semana. Esta información surge por primera vez en la Moción Suplementando Otra, incluyendo sólo sus cómputos. Nota al calce Núm. 2(5), supra. En otras palabras, si tomamos en consideración únicamente los datos ofrecidos por la querellante, en su querella original, resulta imposible calcular el total de la reclamación en tomo a las horas trabajadas y las horas extras. Así, fue imprescindible utilizar la Moción Suplementando Otra, por el tribunal recurrido, para poder determinar la cantidad reclamada.
4. El no haber especificado en la querella el monto total de la reclamación no hubiera sido motivo suficiente para justificar no contestarse en el tiempo provisto por la Ley Núm. 2, supra. Mercado Cintrón v. Zeta Communications Inc., supra, pág. 11778.
5. La notificación en estos casos debe hacerse de conformidad a lo dispuesto en la Regla 4.4 de Procedimiento Civil de Puerto Rico, supra.
6. Así lo acepta la querellante-apelada en su Réplica a Escrito Titulado Moción, presentada el 21 de agosto de 1995, aduciendo que desconocía que el querellado había comparecido en el pleito a esa fecha. Alega, además, que incluyó la Moción Solicitando se Anote Rebeldía y Otra Solicitando se Dicte Sentencia, como anejo, en el apéndice de su alegato, por lo que el querellado se enteró de la presentación de las mismas. Ello implica que la querellante dejó transcurrir desde el 15 de junio hasta el 2 de agosto de 1995 para darle conocimiento al querellado de estos escritos.