BIENVENIDA RESTO MALDONADO, querellante y peticionaria, *v.* OSVALDO GALARZA ROSARIO, querellado y recurrido.

*Número:* O-85-418 *Resuelto:* 17 de junio de 1986

---

[2] *Cf. Pueblo* v. *Marcano Pérez,* 116 D.P.R. 917 (1986).

[3] Situación sobre la cual no tenemos que emitir juicio en este momento.

*Fernando H. Cruz Tolinche,* abogado del peticionario; *Francisco Vicenty Gronau,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Esta controversia nos da la oportunidad de resolver cónsono con el propósito legislativo de imprimirle un carácter sumario a los procedimentos sobre reclamación de salarios instados bajo la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. secs. 3118–3133. *Díaz* v. *Hotel Miramar Corp.,* 103 D.P.R. 314 (1975) ; *Srio. del Trabajo* v. *Tribunal Superior,* 91 D.P.R. 864 (1965). Esta política pública (1) fue expuesta en *Díaz* v. *Hotel Miramar Corp.,* supra, págs. 315–316, de la forma siguiente:

Es requisito inherente para la existencia y supervivencia futura de nuestro sistema judicial, que este Tribunal en su

---

(1) En *Landrum Mills Corp.* v. *Tribunal Superior,* 92 D.P.R. 689 (1965), y *Dorado Beach Corp.* v. *Tribunal Superior,* 92 D.P.R. 610 (1965), sostuvimos la constitucionalidad del procedimiento.

misión constitucional de pautar y realizar Justicia, inyecte rapidez a todos los procedimientos ante su consideración haciendo extensivo este enfoque a los tribunales de primera instancia mediante el establecimiento de normas jurisprudenciales claras, precisas y consistentes. Este proceso dinámico decisional e institucional del Tribunal cobra mayor validez tratándose de procedimientos especiales en que los otros poderes constitucionales —legislativo y ejecutivo— en el ejercicio válido de aprobar leyes, han expresado su sentir sobre los asuntos que a su juicio merecen especial atención.

La esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga, resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial. (Escolio omitido.)

Los hechos de este caso son sencillos. No hay controversia sobre lo acontecido. El 23 de octubre de 1984 Bienvenida Resto instó demanda contra Osvaldo Galarza Rosario y su esposa Isabel González de Galarza, la sociedad de gananciales de ambos, y Santa Rosa Medical Center. La querellante se acogió expresamente al procedimiento especial sumario de la Ley Núm. 2, *supra*. Reclamaba que se le compensara por vacaciones regulares y enfermedad, pago del bono de navidad, horas extras y no trabajadas y por haber sido despedida injustificadamente. El 4 de diciembre de 1984 la parte demandada sometió una moción de prórroga en la que solicitaba sesenta días para conseguir la información necesaria para contestar la demanda. Esta moción que no fue juramentada exponía que la querellante había presentado una querella en su contra en el Departamento del Trabajo y Recursos Humanos por las mismas causales de la demanda, la cual estaba bajo investigación. A pesar de no estar juramentada, según lo exigido por la Sec. 3 de la Ley Núm. 2 (32 L.P.R.A. sec. 3120), el 6 de di-

ciembre de 1984 el tribunal concedió a las querelladas el término de treinta días para contestar, a partir de la notificación que fue hecha el 11 de diciembre de 1984. El 10 de diciembre de 1984 la querellante presentó oposición, a base de que la moción de prórroga no estaba jurada y que el término concedido era extremadamente largo. El tribunal ratificó la prórroga al exponer que el 6 de diciembre de 1984 había concedido una prórroga de treinta días. El 22 de enero de 1985 la querellante solicitó la anotación de la rebeldía por no haberse contestado la querella dentro del término anteriormente concedido. El 23 de enero de 1985 el tribunal ordenó que se le anotara la rebeldía a la parte demandada.

El 11 de febrero de 1985 se dictó sentencia en rebeldía y se ordenó a la parte querellada pagar a la querellante la suma de $7,444.78 más intereses, y $1,116.71 para honorarios de abogado. El 13 de febrero de 1985 se archivó en autos copia de la notificación de la sentencia. Las querelladas fueron notificadas por conducto de su abogado, Lic. Mariano Acosta Grubb. El 11 de marzo de 1985 se emitió orden de ejecución de sentencia. La querellante embargó varios bienes, entre ellos la cantidad de $5,600, que fueron depositados en el tribunal, cuyo retiro y entrega fue autorizado mediante orden de 28 de marzo de 1985. (²) El 24 de abril de 1985, a los setenta días del archivo en autos de la notificación de la sentencia, comparecieron los querellados por derecho propio, y solicitaron que se les relevara de la sentencia y que se dejara sin efecto la orden de embargo. Alegaban que se enteraron de la sentencia en el momento en que se les embargó la cuenta en el Banco Popular y que su abogado no había podido ser localizado. El tribunal acogió dicha moción y señaló una vista para el día 30 del mismo mes. En dicha fecha se radicó una moción sobre renuncia de representación del licenciado Acosta Grubb y otro

---

(²) También se embargó el 22 de abril de 1985 un vehículo Buick del querellado Osvaldo Galarza Rosario.

escrito sobre relevo de sentencia por conducto de sus nuevos abogados.

Luego de reunirse con los abogados y considerar los memorandos sometidos, el tribunal procedió a dejar sin efecto la sentencia. Resolvió que el caso presentaba una situación de hecho y derecho similar a la del *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864 (1965), ya que la moción de prórroga "tuvo el alcance de una negativa de las alegaciones de la querella por lo que el Tribunal estaba impedido de dictar sentencia en virtud de las disposiciones de la sección 4 de la Ley Número 2 de 1961, 32 L.P.R.A., Sección 3121". Apéndice 45. Ello debido a que en la moción de prórroga se expuso que la querellante había presentado una querella contra los demandados en el Departamento del Trabajo y Recursos Humanos, la cual estaba bajo investigación. Resolvió que bajo la Regla 49.2 de Procedimiento Civil o por falta de jurisdicción, al momento de radicarse la querella, podía dejarse sin efecto la sentencia. Dejó sin efecto el embargo trabado, ordenó la devolución de los bienes embargados y que continuaran los procedimientos.

A petición de la querellante revisamos mediante orden para mostrar causa. La parte querellada sostiene la validez de la actuación del tribunal de instancia por razón de que éste había actuado sin jurisdicción al dictar la sentencia en rebeldía. Invocando a *Srio. del Trabajo* v. *Tribunal Superior*, supra, arguye que las alegaciones de la moción de prórroga equivalían a una negativa de los hechos expuestos en la querella y que el tribunal se excedió al dictar sentencia en rebeldía. No le asiste la razón.

■ En *Díaz* v. *Hotel Miramar Corp.*, supra, pág. 319, aclaramos que las razones aducidas en la prórroga formulada en *Srio. del Trabajo* v. *Tribunal Superior*, supra, eran de tal naturaleza meritorias que las interpretamos como una negativa a los hechos expuestos en la reclamación allí instada, quedando desde dicho momento trabada la controversia. Se alegó

en la moción de prórroga que la querella había sido adjudicada en su etapa administrativa ante el Departamento del Trabajo y Recursos Humanos. Por el contrario, en este caso lo único que se exponía era que la querellante había presentado una querella que estaba bajo investigación. Como cuestión de hecho, los propios patronos sometieron una certificación del Departamento del Trabajo y Recursos Humanos e informaron que la querellante había retirado la querella para acogerse al procedimiento judicial. Bajo ninguna circunstancia podía considerarse la moción de prórroga como una negativa de los hechos expuestos en la querella judicial. Todo lo contrario. Se solicitaban sesenta días para alegar, porque la parte querellada no tenía accesible la información necesaria para hacer sus alegaciones.

Independientemente de que erró el tribunal al conceder la prórroga, dicho error no es relevante en este momento. La sentencia en rebeldía se dictó porque el patrono se cruzó de brazos y no contestó la querella dentro del amplísimo término que se le concedió. Siendo ello así, el tribunal venía obligado a dictar sentencia a instancias del querellante, concediendo el remedio solicitado. Sec. 4 de la Ley Núm. 2 de 1961 (32 L.P.R.A. sec. 3121); *Díaz* v. *Hotel Miramar Corp.*, supra.

■ El tribunal incidió al dejar sin efecto la sentencia. La parte querellada radicó su moción ya transcurrido el término fatal de sesenta días a partir de la notificación de la sentencia. En el citado caso de *Srio. del Trabajo* v. *Tribunal Superior*, supra, págs. 866–867, resolvimos que:

Sin embargo, el punto envuelto en el presente recurso es que la moción bajo la Regla 49.2 —con las limitaciones que contiene la Sec. 7— no se radicó dentro del término de sesenta días de haberse notificado la sentencia. Con relación al término de seis meses provisto en la anterior Regla 60, hemos sostenido consistentemente que el mismo es fatal. *Banco Popular* v. *Tribunal Superior*, 82 D.P.R. 242 (1961); *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961 (1953);

*Great American Insurance Co.* v. *Corte,* 67 D.P.R. 564 (1947). Igual solución se impone en cuanto al plazo de 60 días de la Sec. 7, y aún con mayor justificación considerado el lenguaje en que está redactada la oración final que instruye al tribunal a declarar la moción sin lugar, de plano, en casos de inobservancia del término de radicar. La naturaleza sumaria del procedimiento también requiere igual solución. (Escolio omitido.)

La sentencia fue notificada al abogado de los recurridos. Éstos alegan que él nunca les informó de la misma. Las razones para dicha falta de comunicación entre abogado y cliente resultan irrelevantes a los fines de decidir. No se puede penar al obrero. Éste actuó a tenor con los derechos que le reconoce la ley. Concluir que no comienza el término fatal de sesenta días hasta que el abogado notifica a su cliente sería desatender el criterio evaluativo que proyecta la ley sobre el carácter rápido y sumario del procedimiento. *Díaz* v. *Hotel Miramar Corp.,* supra, pág. 322.

*Se dictará sentencia que revoque la resolución recurrida y se dejará en pleno vigor la sentencia que declara con lugar la querella.*

El Juez Presidente Señor Pons Núñez no intervino.