# 95 DTA 214

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN, PANEL IV

MARIA I. TUDELA GONZALEZ
Peticionaria

v.

SERVICIOS MEDICOS DE CAROLINA, INC., Y OTROS
Recurridos

Núm. KLCE-95-00104

San Juan, Puerto Rico, a 28 de junio de 1995

Panel integrado por su presidente, la Juez Alfonso de Cumpiano y los Jueces Broco Oliveras y Miranda de Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita por María I. Tudela González (la peticionaria) que revisemos la resolución del Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, de 28 de febrero de 1995, mediante la cual éste permite que se conteste la querella presentada por la peticionaria fuera del término provisto en la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 *et seq.* (en lo sucesivo la Ley Núm. 2) y sin que se presentara una moción de prórroga donde se expusieran bajo juramento los motivos que justificaran la solicitud de prórroga.

Por entender que el tribunal actuó sin jurisdicción, se expide el recurso solicitado para revocar la resolución recurrida, y para ordenar que se dicte sentencia en contra de los recurridos.

El 11 de enero de 1995, la peticionaria María I. Tudela González radicó una querella ante el entonces Tribunal de Distrito de Puerto Rico, Sala de San Juan, bajo el procedimiento sumario de la Ley Núm. 2 . En la querella alegó que trabajó como médico para los recurridos desde el 9 de agosto de 1993 hasta el 15 de abril de 1994. Solicita la suma total de $12,040.84 por diversos conceptos █ y una suma igual por concepto de penalidad.

Los recurridos fueron emplazados el día 12 de enero de 1995. La querella y los emplazamientos dirigidos a los recurridos le indicaban que la querella estaba tramitándose al amparo del procedimiento sumario especial dispuesto en la Ley Núm. 2, *supra.* Los emplazamientos advertían a los recurridos que disponían del término de diez (10) días desde el diligenciamiento para contestar la querella, si el diligenciamiento se realizaba dentro del distrito judicial en que se promovía la querella, según la sección 3 de la Ley Núm. 2, 32 L.P.R.A. 3120. Los emplazamientos apercibían a los recurridos de que si no contestaban dentro del término mencionado, se dictaría sentencia en su contra concediendo los remedios solicitados.

El 19 de enero de 1995 los querellados radicaron una moción de prórroga solicitando un plazo de 30 días para realizar una investigación de los hechos alegados en la querella. Dicha moción no fue juramentada ni expuso motivos que justificaran la prórroga. El mismo día los recurridos presentaron una moción de consolidación de este caso con otros cuatro alegando que tenían cuestiones comunes de hecho y de derecho de conformidad con la Regla 38.1 de Procedimiento civil.

El 31 de enero de 1995, habiendo ya vencido el término de diez (10) días para contestar la querellada, la peticionaria presentó una moción solicitando que se dictara sentencia a su favor y oponiéndose a la consolidación solicitada. El 2 de febrero de 1995 el tribunal *a quo* denegó la prórroga solicitada por no cumplir con la sección 3 de la Ley Núm. 2, *supra.* Ese mismo día el tribunal concedió a la peticionaria cinco (5) días para que se expresara sobre la moción de consolidación.

El 6 de febrero de 1995 los recurridos presentaron una réplica a la antedicha moción alegando que se encontraba pendiente de resolver su moción de consolidación y exponiendo

ciertas defensas.■ Solicitaron que se desestimara la querella en cuanto a los demás recurridos.

El 9 de febrero de 1995 la Subsección de Distrito dictó una orden concediendo el término final de diez (10) días a los recurridos para que contestaran la querella. En la misma orden se le concedieron diez (10) días a la peticionaria para que se expresara sobre la moción de consolidación.

El 13 de febrero de 1995, la peticionaria presentó una Dúplica donde exponía que el tribunal venía obligado a dictar sentencia a su favor concediendo el remedio solicitado. En esta dúplica se objetó la consolidación solicitada por los recurridos, así como la solicitud de desestimación parcial.

El 17 de febrero de 1995 la peticionaria sometió una moción sobre nulidad de orden. Argumentó que el tribunal carecía de jurisdicción para entender en las defensas de los recurridos y que solamente procedía que se dictara sentencia en contra de éstos. Al día siguiente sometió su oposición a la moción de consolidación. En la misma adujo que el Tribunal carecía de jurisdicción de acuerdo a las secciones 3 y 4 de la Ley Núm. 2, 32 L.P.R.A. secs. 3120 y 3121. También señaló que la referida consolidación atentaba contra el carácter sumario del procedimiento y que complicaría desmedidamente los procedimientos.

Ese mismo día (el 17 de febrero) los recurridos contestaron la querella negando la mayor parte de las alegaciones de la misma y alegando como defensas afirmativas la existencia de justa causa para el despido, que los cómputos de la cantidad adeudada eran incorrectos y que sólo uno de los recurridos fue patrono de la peticionaria.

Habiendo transcurrido más de un mes desde el diligenciamiento del emplazamiento, el 28 de febrero de 1995 el Tribunal declaró sin lugar la moción sobre nulidad de orden; permitió la contestación de la querella; denegó la consolidación solicitada por los recurridos; y señaló conferencia con antelación al juicio para el 11 de abril de 1995.

La peticionaria recurre ante nos en *certiorari* planteando que a tenor con la Ley Núm. 2, cuando un querellado no radica su contestación a la querella en la forma y en el término dispuesto en la sección 3 de la Ley Núm. 2, *supra*, ni presenta una moción de prorroga donde se expongan bajo juramento los motivos que justifiquen la solicitud de prórroga, lo que procede es que se dicte sentencia en su contra concediendo el remedio solicitado en la querella. Argumentan que el tribunal carecía de jurisdicción para permitir la contestación tardía y señalar conferencia con antelación al juicio.

Mediante orden de 19 de abril de 1995, notificada con fecha de 10 de mayo de 1995, se requirió de los recurridos que mostraran causa por la cual no deberíamos revocar la resolución en cuestión considerando lo resuelto en *Mercado Cintrón v. ZETA Communication, Inc.,* **94 J.T.S. 50** y las secciones 3 y 4 de la Ley Núm. 2, *supra*.

Mediante Resolución de 23 de mayo de 1995 concedimos a los recurridos un término adicional de veinte (20) días para comparecer.

El 5 de junio de 1995, los recurridos presentaron su Escrito Mostrando Causa. En este escrito los recurridos señalan que la razón para haber contestado tardíamente la querella respondió a que habían confiado en que la solicitud de consolidación les sería concedida.■

El Escrito Mostrando Causa de los recurridos no nos persuade de que debamos disponer del presente recurso en una forma diferente a la intimada.

Al analizar las secciones 3 y 4 de la Ley Núm. 2, *supra*, y la jurisprudencia aplicable, vemos que el propósito de esta ley es agilizar las reclamaciones de salarios. Desprovisto el procedimiento sumario de esta característica, resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga, resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial. *Resto Maldonado v. Galarza Rosario,* 117 D.P.R. 458 (1986); *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314 (1975). A los fines de determinar si el Tribunal puede permitir una contestación tardía a la querella o conceder las reclamaciones expuestas en la querella de modo sumario a solicitud del querellante, es necesario examinar las circunstancias particulares de cada caso.

Una interpretación liberal de las alegaciones contenidas en la moción de prórroga no nos permite concluir que la misma equivale a una negación de los hechos alegados en la demanda, de manera que quede trabada la controversia. *Srio. del Trabajo v. Tribunal Superior,* 91 D.P.R. 864, 867 (1965). La solicitud de consolidación no impedía que se contestara la querella. No es hasta el 17 de febrero de 1995 que los recurridos contestan. Las defensas afirmativas presentadas podían plantearse dentro del término provisto en la Ley Núm. 2 ya que el patrono tiene en sus registros esa información. *Secretario del Trabajo v. JC Penney*, 119 D.P.R. 660 (1987). Además, el período cubierto en la reclamación es de 9 meses (9 de agosto de 1993 a 11 de abril de 1994) lo que no requería gran esfuerzo para recopilar la información necesaria para contestar la querella. No surgía de la faz de la querella la posibilidad de que varias reclamaciones estuvieran prescritas, lo cual hace este caso distinguible del de *Román Cruz v. Díaz Rifas, supra.* En el caso citado de *Román Cruz v. Díaz Rifas* se permitió la contestación cuando el Tribunal consideró que la querella se refería a una reclamación por un largo período (18 años) y que de la faz de la querella surgían ciertas defensas.

La más reciente opinión del Honorable Tribunal Supremo de Puerto Rico sobre el término para contestar la querella en el procedimiento sumario de la Ley Núm. 2 y los requisitos que se imponen con respecto a la moción de prórroga lo es *Mercado Cintrón v. Zeta Communications. Inc.*, ___ D.P.R. ___ (1994), **94 J.T.S. 50,** opinión del 7 de abril de 1994. En la referida opinión el Honorable Tribunal Supremo expresa que debe dársele cumplimiento riguroso a las disposiciones mencionadas de la Ley Núm. 2, excepto en casos excepcionales en los que medien circunstancias especiales. La citada opinión no nos permite interpretar la Ley Núm. 2 de una manera flexible, en ausencia de esas circunstancias especiales, las que no se dan en este caso.

Por ello, el Tribunal actuó sin jurisdicción cuando permitió la contestación a la querella el 17 de febrero de 1995. El Tribunal *a quo* debió haber dictado sentencia en contra de los recurridos, a instancias de la peticionaria, concediendo el remedio solicitado, en cumplimiento de la sección 4 de la Ley Núm. 2, *supra*. Al encontrarse los recurridos en rebeldía, el Tribunal *a quo* tenía que aceptar como ciertos los hechos bien alegados en la querella. *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809 (1974); *Rodríguez v. Trib. Superior,* 102 D.P.R. 290 (1977). Sobre la base de los hechos bien alegados, el Tribunal *a quo* evaluará si la peticionaria tiene derecho a la concesión de los remedios que solicita.

En virtud de todo lo anterior, se expide el auto solicitado y se revoca la resolución recurrida. Se ordena que se anote la rebeldía de la parte querellada y se proceda a dictar sentencia en contra de todos los recurridos concediendo los remedios procedentes en derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

1. Sueldo de una quincena, gastos de automóvil, pago por guardias efectuadas, vacaciones no utilizadas, seguro de vida, plan médico, bono de navidad, licencia por enfermedad no utilizada, seguro de impericia médica, seguro social, mesada y compensación adicional por despido injustificado.

2. Que la querellante trabajo única y exclusivamente para el patrono Corporación de Servicios Médicos de Carolina, Inc. y fue despedida por razones de economía, cierre parcial de las operaciones de la corporación.

3. Los recurridos hacen referencia a los casos a ser consolidados sin mencionar los números y otra información pertinente. Más aún, señalan que en los otros casos se dictaron sentencias en rebeldía, las que son objeto de apelación, sin identificar dichos casos, ni su etapa. Es deber de los abogados proveer información completa al tribunal apelativo para la dilucidación informada de las controversias traídas a su atención.

4. El hecho de que el tribunal dicte sentencia en rebeldía de acuerdo a la Sección 4 de la Ley Núm. 2, *supra*, no deja desprovistos de remedios a las partes que resulten condenadas en la sentencia que se dicte, que consideren no adeudar nada a la peticionaria, ya que en 32 L.P.R.A. sec. 3124 se les concede el derecho a solicitar el relevo de tal sentencia de acuerdo a la Regla 49.2 de Procedimiento Civil. Esta moción deberá presentarse dentro del término de sesenta (60) días de notificada la sentencia a las partes, siendo fatal este término.