*818 TEXTO COMPLETO DE LA RESOLUCION
El peticionario, Banco Popular de Puerto Rico, recurre de una Resolución del Tribunal de Primera Instancia, Sala Municipal de Toa Alta, dictada en un procedimiento sumario, según provisto por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. see. 3118,et seq., en el cual se ventilaba una querella por despido injustificado. La Resolución recurrida denegó la solicitud del peticionario para que se citase a un testigo para una deposición.
Atendida la naturaleza sumaria del procedimiento, el hecho que el peticionario ha tenido la oportunidad y ha conducido un extenso descubrimiento de prueba en los ocho meses desde que contestó la querella, y no habiendo impedimento para que éste cite al testigo para la vista señalada en su fondo, concluimos que no incidió el tribunal recurrido, por lo que se deniega la expedición del auto de certiorari.
I
El Sr. José A. Rivera Rivas trabajó con el Banco Popular de Puerto Rico (Banco) desde marzo del 1985 hasta el 2 de junio de 1995, fecha en que fue despedido. La terminación del empleo ocurrió poco después de un asalto a la sucursal del Banco en la cual él trabajaba. El 9 de mayo de 1996, el Sr. Rivera presentó una querella por despido injustificado contra el Banco. En ésta, reclamó la mesada y la indemnización progresiva que provee la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. see. 185, et seq. La querella fue interpuesta bajo el procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. see. 3118, et seq. El 22 de mayo de 1996 el Banco contestó la misma.
El 11 de julio de 1996 se celebró una conferencia en el tribunal recurrido para pautar los procedimientos a seguirse. Luego, como parte del procedimiento de' descubrimiento de prueba, el Banco depuso al querellante, los días 16 de julio y 11 de octubre de 1996. El Banco, también, solicitó el 14 de agosto de 1996 al tribunal recurrido una orden, dirigida al Superintendente de la Policía, para inspeccionar y fotocopiar el expediente de la investigación del asalto. El 27 de agosto de 1996 el tribunal recurrido emitió la orden solicitada.
Posteriormente, el 8 de noviembre de 1996 las partes presentaron al tribunal el informe sobre conferencia preliminar entre abogados. En el mismo, el querellante anunció que utilizaría como testigo en la vista en su fondo a la Sra. Ana Pérez y al Sr. Mickey Serrano. Por su parte, el Banco informó que presentaría cinco testigos, a saber, Sra. Magdalena Pérez, Sr. Plinio Rodríguez, Sr. Roberto Gregory, Sra. Mirta Ortiz y Sra. Mayra Vázquez. En cuanto al descubrimiento de prueba restante, el Banco señaló que interesaba deponer a los dos testigos anunciados por el querellante y al Agente César E. Moya de la División de Robo y Fraude a Instituciones Bancarias de la Policía de Puerto Rico. En adición, expresó que le faltaba examinar y obtener copias del expediente de la investigación del asalto preparado por la Policía de Puerto Rico. El informe sobre conferencia preliminar entre abogados fue aprobado por el tribunal el 13 de diciembre de 1996.
Con anterioridad a la aprobación del referido informe, 18 de noviembre de 1996, ya el Banco había solicitado la citación para la toma de deposición al Agente Moya, habiendo sido ésta autorizada por el tribunal.
Así las cosas, el 13 de diciembre de 1996 el Banco nuevamente solicitó una citación para toma de deposición, ahora del Sr. Carlos Restos Marrero, quien no había sido incluido como testigo de ninguna de las partes en el informe de conferencia entre abogados. El querellante objetó esta solicitud por considerarla una "expedición de pesca". No empece, el 17 de diciembre de 1996 el tribunal recurrido emitió la orden solicitada.
Aparentemente, descansando en que el querellante produciría a sus testigos para la toma de deposiciones, el Banco no los citó para las mismas. El 17 de diciembre de 1996 el abogado del querellante le informó al abogado del Banco que la Sra. Ana Pérez y el Sr. Mickey Serrano no estaban dispuestos a comparecer a sus deposiciones. *819 En vista de ello, el 18 de diciembre de 1996 el Banco presentó una moción para que el tribunal ordenase al Sr. Serrano comparecer a la toma de deposición interesada. El 23 de diciembre de 1996 el tribunal denegó la misma. El 27 de diciembre de 1996 el Banco solicitó reconsideración, siendo ésta declarada No Ha Lugar el 14 de enero de 1997. Posteriormente, el 15 de enero de 1997 el abogado del querellante informó personalmente al abogado del Banco que no utilizaría al Sr. Serrano como testigo.
No conforme con lo dispuesto por el tribunal de primera instancia, el 16 de enero de 1997, el Banco presentó ante este Foro una petición de certiorari, alegando que incidió éste al denegar la moción para deponer al Sr. Serrano.
Al mismo tiempo, el Banco presentó una Moción en Auxilio de Jurisdicción para que se paralizase la vista en su fondo de la querella, señalada para el 10 de febrero de 1997.
El mismo día de la presentación de los escritos, 16 de enero de 1997, ordenamos al querellante, aquí recurrido, que se expresase sobre la petición de certiorari y la Moción en Auxilio de Jurisdicción, lo cual éste hizo el día 23 de enero de 1997. Procedemos a resolver.
n
Ante nuestra consideración se presenta una controversia entre las partes relacionada a un incidente procesal sobre el descubrimiento de prueba, en una querella sobre despido injustificado bajo el procedimiento sumario. Como apuntamos previamente, la querella se presentó ante el foro de primera instancia el 6 de mayo de 1996 y ésta fue contestada por el peticionario, el Banco, el 22 de mayo de 1996.
La Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A sees. 3118 a 3132, establece el procedimiento a utilizarse en casos en que un empleado reclame judicialmente a su patrono salarios u otros beneficios. La see. 3120, supra, dispone, en parte, como sigue:
"En los casos que se tramiten con arreglo a [esta ley], se aplicarán las Reglas de Procedimiento Civil en todo aquello que no está en conflicto con las disposiciones específicas de [esta ley] o con el carácter sumario del procedimiento establecido [en ésta].... No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento". (Enfasis suplido.)
Aun en casos vistos bajo el procedimiento civil ordinario, la Regla 23.4 de Procedimiento Civil, 32 L.P.R.A. Ap. HI, R. 23.4, dispone que el descubrimiento de prueba se concluirá en sesenta (60) días desde la contestación de la demanda, salvo que el tribunal conceda una extensión. En el caso de autos, el cual envuelve una querella bajo el procedimiento sumario dispuesto en la Ley Núm. 2, supra, el descubrimiento de prueba por el Banco ha tomado ocho meses, lo cual claramente excede lo contemplado en la referida regla.
Atendida la naturaleza sumaria del procedimiento bajo la Ley Núm. 2, supra, el hecho que han transcurrido más de ocho (8) meses desde la contestación de la demanda y el inicio del descubrimiento de prueba, resolvemos que no incidió el tribunal recurrido al denegar una orden para que el Sr. Serrano fuese citado para la toma de deposición. El recurrente puede citar y presentar al Sr. Serrano como su testigo en la vista en su fondo, de así desearlo.
Los tribunales tienen la función primordial de hacer valer la ley y que se cumplan con los procedimientos establecidos de manera que se garantice una solución justa, rápida y económica de la controversia, sobre todo cuando se trata de un asunto laboral como el que nos ocupa. Como bien señala el Tribunal Supremo, la esencia y médula del trámite fijado para casos sobre reclamaciones de salarios bajo la Ley Núm. 2, supra, lo constituye el procedimiento sumario y la rápida disposición del mismo. Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975); Resto Maldonado v. Galarza, 117 D.P.R. 458 (1986); Srio. del Trabajo v. J.C. Penney Co., 119 D.P.R. 660 (1987); Mercado Ontrón v. Zeta Communications, Inc., 135 D.P.R. _ (1994), 94 JTS 50.
III
*820 Por las consideraciones antes expuestas, se declara no ha lugar la Moción en Auxilio de Jurisdicción y se deniega la expedición del auto de certiorari.
Notifíquese la Resolución por facsímil y la vía ordinaria. Además, notifíquese por teléfono a las partes y al tribunal recurrido la determinación dispositiva de esta Resolución.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 10
1. Según indicamos anteriormente, el tribunal recurrido había emitido una orden autorizando el examen del expediente de la Policía el 27 de agosto de 1996, más de dos meses previo a la fecha del informe de la conferencia entre abogados.