Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EFRAÍN CALDERÓN TOVAR<br><br>Peticionario<br><br>v.<br><br>ARCADIS CARIBE, PSC<br><br>Recurrido | KLCE202400306 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. GB2023CV00805<br><br>Sobre:<br>Despido Injustificado |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de marzo de 2024.

I.

El 13 de septiembre de 2023, el Sr. Efraín Calderón Tovar instó en el Tribunal de Primera Instancia una *Querella* por despido sin justa causa contra Arcadis Caribe, PSC (Arcadis), a tenor con la Ley Núm. 80 de 30 de mayo de 1976, según enmendada.[1] Utilizó el mecanismo procesal de la Ley Núm. 2 de 17 de octubre de 1961.[2] En su *Contestación a la Querella* presentada el 23 de octubre de 2023, Arcadis alegó que el despido fue con justa causa y que no le adeudaba nada a el señor Calderón Tovar.

Luego de varios trámites procesales, el 6 de febrero de 2024, Arcadis y el señor Calderón Tovar presentaron *Moción conjunta sobre cambio al descubrimiento de prueba y Solicitud de conversión de naturaleza de señalamiento.* Indicaron que las partes habían llegado a un acuerdo en el que Arcadis tendría hasta el 23 de febrero de 2024 para notificar la contestación al interrogatorio y la solicitud de producción de documentos requerida por el señor Calderón Tovar y

---

[1] 29 LPRA § 185a et seq.
[2] 32 LPRA § 3118 et seq.

que la toma de deposición para el señor Calderón Tovar se realizaría el 8 de marzo de 2024.

El 9 de febrero de 2024, notificada el 12, el Foro primario emitió *Orden* en la cual declaró No Ha Lugar la *Moción* y estableció que las partes debían concluir el descubrimiento de prueba con la deposición al querellante. Inconformes, el 13 de febrero de 2024, las partes presentaron *Moción de Reconsideración.* El 14 de febrero de 2024, el Foro *a quo* emitió *Orden* declarando No Ha Lugar la *Moción de Reconsideración.*

Así las cosas, el 28 de febrero de 2024, Arcadis hizo entrega de *Contestación a "Primer pliego de interrogatorios y requerimiento de producción de documentos".* El 7 de marzo de 2024, fecha en la cual se llevaría a cabo la deposición del señor Calderón Tovar, a la cual no compareció, este presentó *Moción solicitando orden de conformidad con la Regla 34 de Procedimiento Civil* con objeciones a la contestación de interrogatorio y requerimiento de producción de documentos de Arcadis. El mismo 7 de marzo de 2024, Arcadis presentó *Urgente Oposición a "Moción solicitando orden de conformidad con Regla 34 de Procedimiento Civil".*

En respuesta, el 7 de marzo de 2024, notificada el 8, el Tribunal de Primera Instancia emitió *Orden* en la cual ordenó a Arcadis a presentar las contestaciones al interrogatorio objetadas en un término de cinco (5) días, so pena de eliminarle las alegaciones y anotarle la rebeldía. Estableció que las contestaciones brindadas fueron incompletas, evasivas y no responsivas y que no aplicaba la defensa del privilegio abogado-cliente.

Inconforme, el 12 de marzo de 2024, Arcadis acudió ante nos mediante *Petición de Certiorari.*[3] Acompañó su recurso con *Moción*

---

[3] Sostiene:
**Primer Error**:
Erró el TPI y abusó de su discreción al considerar la Moción solicitando orden de conformidad con Regla 34 de Procedimiento Civil sin cumplir con el requerimiento expreso de la Regla 34.1 de Procedimiento Civil de certificar de

*urgente en auxilio de jurisdicción solicitando paralización de los procedimientos*. Ese mismo día emitimos *Resolución* declarando No Ha Lugar la *Moción urgente en auxilio de jurisdicción solicitando paralización de los procedimientos* y ordenamos a Arcadis mostrar causa por la cual no debíamos desestimar el recurso por consistir de una revisión de un dictamen interlocutorio no revisable. El 13 de marzo de 2024, Arcadis compareció. Con el beneficio de su comparecencia, resolvemos según intimado.

II.

La Ley Núm. 2 de 17 de octubre de 1961,[4] establece un procedimiento sumario de reclamaciones laborales de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales.[5] Su propósito es proveerle al obrero un mecanismo procesal abreviado mediante el establecimiento de términos cortos que facilite y aligere el trámite de sus reclamaciones.[6] El Tribunal Supremo de Puerto Rico ha enfatizado que la médula y esencia del trámite de la Ley 2, es precisamente el procesamiento sumario y su rápida adjudicación. La naturaleza

---

forma particularizada los esfuerzos razonables, con prontitud y de buena fe para intentar llegar a un acuerdo sobre los asuntos que se plantean en la moción y que resultaron infructuosos.

**Segundo Error**:
Erró el TPI y abusó de su discreción al autorizar un opresivo, oneroso, impertinente, inmaterial e irrelevante descubrimiento de prueba y que también pretende la divulgación de comunicaciones protegidas bajo el privilegio abogado-cliente y la doctrina del producto del trabajo del abogado.

**Tercer Error**:
Erró el TPI y abusó de su discreción al ordenar a la Peticionaria a contestar los interrogatorios objetados por el Recurrido, sin brindarle la oportunidad de presentar los argumentos en derecho que establecen la procedencia de sus objeciones al descubrimiento de prueba inmaterial, irrelevante e impertinente y ordenando el descubrimiento de materia privilegiada.

**Cuarto Error**:
Erró el TPI y abusó de su discreción al ordenar a la Peticionaria a juramentar la contestación a interrogatorio, rechazando la doctrina de prelación de las leyes.

[4] 32 LPRA § 3118 *et seq.*

[5] *Ríos Moya* v. *Industrial Optics*, 155 DPR 1 (2001); *Berríos Heredia* v. *González*, 151 DPR 327 (2000); *Rivera Rivera* v. *Insular Wire Products*, 140 DPR 912, 921 (1996).

[6] *Ocasio* v. *Kelly Servs.*, 163 DPR 653 (2005); *Lucero* v. *San Juan Star*, 159 DPR 494 (2003); *Ríos*, 155 DPR; *Ruiz* v. *Col. San Agustín*, 152 DPR 226 (2000); *Berríos*, 151 DPR; *Rivera*, 140 DPR, págs. 923-924.

sumaria del procedimiento constituye su característica esencial.[7] Por ello se ha exigido su rigurosa observancia en aras de evitar que las partes desvirtúen su carácter especial y sumario.[8]

No obstante, nuestro más alto Foro, en *Dávila Rivera* v. *Antilles Shipping Inc.*,[9] explicó que **nuestra intervención está limitada cuando se recurre de resoluciones interlocutorias emitidas en casos atendidos por el Tribunal de Primera Instancia bajo el procedimiento sumario de la Ley Núm. 2.** Razonó que:

> La parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. De este modo se da cumplimiento a la médula del procedimiento analizado y, por otro lado, no queda totalmente desvirtuado el principio de economía procesal ya que, si tenemos en cuenta la rapidez con que sobrevienen los escasos eventos procesales previstos por la Ley Núm. 2 veremos que la pare podrá revisar en tiempo cercano los errores cometidos.[10]

Aunque esta norma de autolimitación judicial no es absoluta, solo a modo de excepción, se pueden revisar las resoluciones interlocutorias dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo.[11] Es decir, en aquellas situaciones en que la revisión inmediata disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia.[12]

---

[7] *Vizcarrondo Morales* v. *MVM, Inc.,* 174 DPR 921, 929 (2008); *Lucero* 159 DPR, pág. 505; *Rodríguez Aguiar* v. *Syntex*, 148 DPR 604 (1999); *Dávila* v. *Antilles Shipping, Inc.*, 147 DPR 483 (1999); *Santiago* v. *Palmas del Mar*, 143 DPR 886, 891 (1997); *Resto Maldonado* v. *Galarza Rosario*, 117 DPR 458, 460 (1986); *Díaz* v. *Hotel Miramar Corp.*, 103 DPR 314, 316 (1975).
[8] *Ríos*, 155 DPR; *Dávila*, 147 DPR; *Mercado Cintrón* v. *Zeta Communications, Inc.*, 135 DPR 737 (1994); *Srio. del Trabajo* v. *J.C.Penny Co., Inc.*, 119 DPR 660 (1987).
[9] 147 DPR 483, 497 (1999). Énfasis nuestro.
[10] Íd.
[11] Íd., pág. 498.
[12] Íd.; *Medina Nazario* v. *Mcneil Healthcare LLC*, 194 DPR 723, 732-733 (2016).

III.

En este caso, Arcadis acude ante nuestra consideración para que revisemos la *Orden* emitida por el Tribunal de Primera Instancia ordenándole contestar los interrogatorios requeridos por el señor Calderón Tovar por entender que estos son materia privilegiada. Debemos recordar que, **la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral**.[13] Además, consideramos que el recurso incoado no plantea ninguna de las instancias que a modo de excepción pueden revisarse interlocutoriamente en los procedimientos laborales sumarios.

IV.

Por los fundamentos antes expuestos, *desestimamos* el recurso de *Certiorari* incoado por falta de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] *Medina,* 194 DPR, pág. 733.