Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JUAN R. GÓMEZ RIVERA  Recurrida  v.  MAPEI CARIBE, INC.; ASEGURADORA ABC  Peticionarios | KLCE202400297 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso núm.: BY2024CV00255  Sobre: Despido Injustificado y Represalias (Procedimiento sumario-Ley 2) |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de marzo de 2024.

Comparece MAPEI Caribe Inc., en adelante MAPEI o la peticionaria, quien solicita que revoquemos la *Resolución* emitida el 29 de febrero de 2024 y notificada el 1 de marzo del mismo año, por el Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI. Mediante esta, el foro recurrido declaró no ha lugar la moción de desestimación presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *Certiorari.*

**-I-**

En el contexto de una *Querella* sobre despido injustificado y represalias (procedimiento sumario bajo la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, en adelante Ley Núm. 2 de 17 de octubre de 1961), el señor Juan R. Gómez Rivera, en adelante el

señor Gómez o el recurrido, presentó tres causas de acción contra MAPEI, a saber: represalias, despido injustificado y cobro de comisiones no pagadas.[1]

Por su parte, la peticionaria presentó una solicitud de desestimación en la que adujo que la notificación del emplazamiento fue insuficiente porque no se hizo con el formulario "diseñado específicamente para los procedimientos sumarios bajo la Ley Núm. 2, *supra*".[2] Arguyó, además, que no se incluyó el término correcto para presentar la alegación responsiva. En su opinión, este error en el emplazamiento supone el incumplimiento de las Reglas de Procedimiento Civil y de la Ley Núm. 2 de 17 de octubre de 1961. Aunque presentó su alegación responsiva en término, opinó que los errores del señor Gómez afectaron su derecho constitucional al debido proceso de ley, porque de haber contestado la *Querella* en el término erróneamente indicado por el recurrido, "pudo haber visto frustrado su derecho a ser considerado parte en el caso de autos, toda vez que el tribunal no hubiese tenido discreción de haberle impuesto la rebeldía automática". En síntesis, afirmó que la omisión de estos elementos esenciales en el emplazamiento provocó que el foro primario careciera de jurisdicción sobre la persona de MAPEI y, por consiguiente, la nulidad del emplazamiento y la desestimación de la *Querella*.

De manera complementaria, la peticionaria presentó una *Moción Informativa y Anejos*, en la que expuso, que en el emplazamiento diligenciado se le apercibió de presentar su alegación responsiva a través del Sistema

---

[1] Apéndice de la peticionaria, págs. 3-6.
[2] *Id.*, págs. 25-39.

Unificado de Manejo y Administración de Casos o en la secretaría del tribunal, si la presentaba por derecho propio; en cuyo caso, el emplazamiento le instruyó para que también le enviara una copia de la alegación responsiva a la abogada del recurrido e incluyó la información contacto de aquella, a saber, su dirección postal, su correo electrónico y número de teléfono; así mismo, se le indicó que debía cumplir con lo anterior "dentro de diez (10) días después de esta notificación, si esta se hiciere en el distrito judicial que se promueve la acción o de quince (15) días en los demás casos".[3]

Además, MAPEI presentó una moción suplementaria a la solicitud de desestimación, en la que insistió que el emplazamiento no fue notificado a través de un representante de la compañía y que, por el contrario, se hizo a través de una empleada de servicio al cliente sin capacidad representativa.[4] Adujo que, de haber sido diligente, el emplazador hubiera notado que la empleada no era la persona apta para recibir el emplazamiento y pudo haber optado por otra alternativa contemplada en la Ley Núm. 2 de 17 de octubre de 1961, como realizar la notificación del emplazamiento en la residencia del representante autorizado de la peticionaria.

Posteriormente, el señor Gómez presentó su oposición a la moción de desestimación, mediante la cual alegó que el emplazamiento cumplió a cabalidad con el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961.[5] Destacó además, que MAPEI contestó la *Querella* en término y, por lo tanto, el foro recurrido sí tenía

---

[3] *Id.*, págs. 40-48.
[4] *Id.*, págs. 49-56.
[5] *Id.*, págs. 57-66.

jurisdicción sobre la peticionaria. Argumentó que la ley, explícitamente, flexibiliza el emplazamiento al patrono porque tiene el propósito de establecer un medio "que ofrezca una probabilidad razonable de informarle al demandado sobre la acción entablada en su contra". Del mismo modo, destacó que ni la Ley Núm. 2 de 17 de octubre de 1961, ni la jurisprudencia exigen que el emplazamiento se haga con el formulario OAT 1843 y que el lenguaje en el emplazamiento utilizado es idéntico al de aquel. En su opinión, MAPEI fue debidamente notificada y supo lo que debía hacer tras recibir el emplazamiento, al extremo de contestar la *Querella* dentro del término. Finalmente, destacó que "el emplazamiento [fue] diligenciado en las oficinas y predios de la peticionaria y se le entregó a una empleada Representante de Servicio al Cliente". Así pues, la persona que recibió el emplazamiento, por su cercanía y posición ocupada en la empresa, razonablemente podía recibirlo y transmitirlo a sus superiores.

Con el beneficio de la comparecencia de ambas partes, el TPI declaró no ha lugar la desestimación presentada por MAPEI.[6]

Insatisfecha, la peticionaria presentó una *Petición de Certiorari*, en la que alegó que el TPI cometió los siguientes errores:

> COMETIÓ GRAVE ERROR DE DERECHO EL TRIBUNAL PRIMARIO AL NO CONCEDER LA DESESTIMACIÓN DEL CASO POR DEFICIENCIA EN LA NOTIFICACIÓN DE LA *QUERELLA*, DECLARÁNDOLA NO HA LUGAR Y DEJANDO DE ATENDER ESTE ASUNTO EN SUS MÉRITOS. ESTO, A PESAR DE QUE FUE EL 8 DE FEBRERO DE 2024 QUE LA PETICIONARIA EXPUSO POR PRIMERA VEZ LA DEFICIENCIA EN LA NOTIFICACIÓN DE LA QUERELLA Y, POSTERIORMENTE, EL ERROR EN LA PERSONA MEDIANTE QUIEN SE DILIGENCIÓ COPIA DEL EMPLAZAMIENTO.

---

[6] *Id.*, págs. 1-2.

COMETIÓ GRAVE ERROR DE DERECHO EL TRIBUNAL PRIMARIO AL NO CONCEDER UNA VISTA EVIDENCIARIA PARA CONSIDERAR PRUEBA DOCUMENTAL Y TESTIFICAL SOBRE LOS MÉRITOS DE LA SOLICITUD DE DESESTIMACIÓN Y MOCIÓN SUPLEMENTARIA DEL CASO. ELLO, MUY A PESAR DE QUE LA PRESUNCIÓN DE CORRECCIÓN DEL DILIGENCIAMIENTO DE LA NOTIFICACIÓN DE LA *QUERELLA* FUE IMPUGNADA MEDIANTE CERTIFICACIÓN EMITIDA POR MAPEI QUE DESCARTA QUE LA PERSONA SEÑALADA POR EL EMPLAZADOR COMO PERSONA AUTORIZADA FUERA REPRESENTANTE DEL PETICIONARIO, EN CONTRAVENCIÓN A LO DISPUESTO POR EL TRIBUNAL SUPREMO DE PUERTO RICO SOBRE EL DEBER DEL TRIBUNAL PRIMARIO DE REALIZAR LAS VISTAS EVIDENCIARIAS NECESARIAS PARA DILUCIDAR LA CORRECCIÓN Y VALIDEZ DEL EMPLAZAMIENTO, Y SI LA PERSONA QUE RECIBIÓ LA NOTIFICACIÓN TENÍA, O NO, FACULTAD PARA REPRESENTAR AL PATRONO, SEGÚN LO EXPUESTO EN *LUCERO CUEVAS V. SAN LUCAS STAR*, 159 DPR 494 (2003) Y DEMÁS JURISPRUDENCIA INTERPRETATIVA DE ESTA MATERIA.

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente despacho…". En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Luego de evaluar el escrito de la peticionaria y los documentos que obran en autos, estamos en posición de resolver.

## -II-

### A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de

Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[7]

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[8] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[9] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[10]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

---

[7] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[8] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[9] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[10] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[12] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma.[13] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

> … (1) **falta de jurisdicción sobre la materia;** (2) **falta de jurisdicción sobre la persona;** (3) **insuficiencia del emplazamiento;** (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio;** (6) dejar de acumular una parte indispensable.[14]

---

[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

[12] Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).

[13] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.

[14] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. (Énfasis suplido).

"[A]l resolver una solicitud de desestimación fundamentada en que se deja de exponer una reclamación que justifica la concesión de un remedio, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente".[15] A su vez, los hechos bien alegados, deberán ser considerados de la forma más favorable a la parte demandante.[16] En consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[17]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[18] Específicamente, deberá evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida".[19] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[20]

---

[15] *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13, __ DPR __ (2024).

[16] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 211 DPR 70, 84 (2023).

[17] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).

[18] Véase, Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

[19] *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Véase, además, *Costas Elena v. Magic Sport Culinary Corp.*, *supra*.

[20] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).

**C.**

La Ley Núm. 2 de 17 de octubre de 1961, provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales.[21] La naturaleza sumaria del procedimiento constituye su característica esencial, por lo que tenemos la obligación de promover y exigir diligencia y prontitud en la tramitación de las reclamaciones laborales conforme al claro mandato legislativo.[22]

En lo aquí pertinente, el modo de notificación de la querella, su contestación y el trámite a seguir está regulado por la Sección 3 de la Ley Núm. 2 de 17 de octubre de 1961, que dispone:

> El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden **en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia.** Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos.[23]

De lo anterior se desprende que el estatuto provee tres alternativas de emplazamiento para tres situaciones distintas, a saber: 1) cuando es posible emplazar personalmente al patrono querellado; 2) cuando no se encuentre al patrono, en cuyo caso se diligenciará el emplazamiento en cualquier persona que lo represente; y

---

[21] Sec. 1 de la Ley Núm. 2, 32 LPRA sec. 3118; *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008).
[22] *Vizcarrondo Morales v. MVM, Inc.*, *supra*, pág. 929; *Lucero v. San Juan Star*, 159 DPR 494 (2003); *Mercado Cintrón v. Zeta Com., Inc.*, 135 DPR 737 (1994); *Resto Maldonado v. Galarza Rosario*, 117 DPR 458 (1986); *Díaz v. Miramar Corp.*, 103 DPR 314 (1975).
[23] 32 LPRA sec. 3120. (Énfasis suplido). Véase, además, *Lucero v. San Juan Star*, *supra*.

3) cuando no sea posible utilizar las dos opciones anteriores, se puede emplazar conforme a lo dispuesto en las Reglas de Procedimiento Civil.[24]

Según el Tribunal Supremo de Puerto Rico, en adelante TSPR, hay dos componentes para el emplazamiento del patrono cuando no puede ser emplazado personalmente, a saber:

> …El *primero* de estos componentes se refiere al *lugar* donde se permitirá el emplazamiento. A tales efectos, dispone una amplia gama de lugares donde se podrá efectuarlo el mismo, a saber: en la fábrica, taller, establecimiento, finca, sitio en el que se realizó el trabajo que dio origen a la reclamación, oficina o residencia. El *otro componente* se refiere a *la persona que podrá recibir el emplazamiento*, de tal forma que éste constituya notificación suficiente para el patrono. A esos fines la ley dispone que se diligenciará la orden en la persona *que en cualquier forma represente al querellado*.[25]

Tratándose la peticionaria de una corporación, la característica fundamental de la persona que puede recibir un emplazamiento a su nombre es la representatividad. Es decir, dichos representantes "deben estar en una posición de suficiente responsabilidad como para que una persona razonable pueda presumir que le transmitirá o remitirá a sus superiores cualquier emplazamiento o demanda".[26]

Así pues, lo importante al emplazar a una corporación mediante un representante es la naturaleza de la relación entre el que recibe el emplazamiento y la corporación. Para establecer lo anterior, es necesario examinar la autoridad de la persona dentro de la organización, lo que se determinará "mediante un análisis de los hechos".[27]

---

[24] *Lucero v. San Juan Star*, *supra*, pág. 509.
[25] *Lucero v. San Juan Star*, *supra*, pág. 510. (Énfasis en el original.)
[26] *Id.*, pág. 513.
[27] *Id.*, pág. 514.

Al aplicar dicha normativa al contexto particular de la Ley Núm. 2 de 17 de octubre de 1961, el TSPR concluyó:

> …a pesar del carácter expedito y reparador de la Ley Núm. 2 y de la amplitud del mecanismo de emplazamiento allí dispuesto, la normativa correcta a utilizar en esta clase de casos es una a los efectos de que dicho emplazamiento se efectúe a través de una persona que tenga, al menos, cierto grado de autoridad para recibir el emplazamiento en representación del patrono.[28]

En otras palabras, el lenguaje del estatuto a los efectos de que "se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado", no se puede interpretar irrestrictamente. Por el contrario, contiene un requisito mínimo de representatividad para que el emplazamiento del patrono sea válido.[29]

En síntesis,

> …considerando que el emplazamiento dispuesto en esta Ley fue uno especial en sintonía con el propósito reparador y sumario que inspiró la misma, no podemos limitar el grupo de personas aptas para recibir el emplazamiento a aquellas únicamente señaladas en las Reglas de Procedimiento Civil o en la Ley General de Corporaciones. Por tanto, bajo la Ley Núm. 2, el emplazamiento al patrono querellado que no pueda ser emplazado personalmente, no sólo se podrá efectuar a través de un director, oficial, administrador, gerente administrativo, agente general, agente inscrito o designado por ley o nombramiento, sino también, a través de cualquier persona que por su puesto, funciones, deberes, autoridad o relación con el patrono ostente capacidad para representarlo en la fábrica, taller, establecimiento, finca, sitio en que se realizó el trabajo que dio origen a la reclamación, oficina o residencia; determinación que se deberá hacer caso a caso.[30]

-III-

Para la peticionaria, erró el TPI al no atender las deficiencias de la notificación de la *Querella* en el caso de epígrafe. Estas consisten en que el recurrido no

---

[28] *Id.*, pág. 516. Véase, además, *Quiñonez Román v. CIA ABC*, 152 DPR 367, 375-376(2000).
[29] *Id.*, pág. 517.
[30] *Id.*, págs. 517-518.

utilizó el formulario correcto para notificar una reclamación bajo la Ley Núm. 2 de 17 de octubre de 1961 y no diligenció el emplazamiento a través de un representante autorizado de MAPEI. Incidió, además, al no señalar una vista evidenciaria para dilucidar los asuntos en controversia.

Por tratarse de una moción dispositiva tenemos facultad para atender el recurso de la peticionaria.

Sin embargo, luego de revisarlo en conjunto con los documentos que obran en autos, resolvemos que ni el remedio ni la disposición recurrida son contarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Como si lo anterior fuera poco, no se configura ninguna de las circunstancias que justifican la expedición del auto bajo cualquier otro de los fundamentos de la Regla 40 de nuestro Reglamento.

**-IV-**

Por los fundamentos expresados, se deniega la expedición del auto de *Certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones